OPINION
{¶ 1} Defendant-appellant Tiffini Marcum appeals from her conviction and sentence in the Columbiana County Common Pleas Court of twenty-one different fifth degree felonies. The trial court sentenced her to a total prison term of twenty-four months. The issue presented to this court is whether the trial court made sufficient findings under the felony sentencing statute to sentence Marcum to a prison term instead of sentencing her to community control. For the reasons stated below, we find that the trial court made the appropriate findings on the record at the sentencing hearing and the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Between February and May 2002, Marcum stole checks and a credit card from her relatives and forged the names on those checks and credit card. Her actions were discovered and, on May 30, 2002, the Columbiana County Grand Jury indicted her on twenty-three counts. All but one of those counts was a fifth degree felony. The other count, safecracking, was a fourth degree felony. Subsequently, on September 12, 2002, the prosecutor supplemented this indictment by filing an information charging her with two additional counts, one of theft and the other of forgery.
 {¶ 3} On September 12, 2002, Marcum entered into a plea agreement wherein she agreed to plead guilty to twenty-one of the counts she faced, all fifth degree felonies. After a hearing, the trial court accepted the plea and set the matter for a sentencing hearing. At that hearing, Marcum established that she was not on probation when she committed these acts and attempted to explain why she committed these offenses. On November 19, 2002, the trial court sentenced Marcum to a definite term of eight months on each of those twenty-one counts. It grouped those offenses into three categories and ordered that the offenses within each category run concurrently with each other, but consecutive to the offenses in the other categories. Thus, Marcum was sentenced to a total prison term of twenty-four months. It is from this judgment that Marcum timely appeals raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court failed to fully follow the statutory aggravating and mitigating factors when it sentenced the defendant."
 {¶ 5} Marcum argues that the trial court's findings and reasons supporting those findings are insufficient to sentence her to a prison term rather than community control. When reviewing an alleged felony sentence error, the appellate court can modify or vacate the sentence only if it clearly and convincingly finds that the record did not support the sentence or that the sentence is otherwise contrary to law. R.C.2953.08(G).
 {¶ 6} The possible sentences for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). However, a fifth degree felony carries a statutory presumption in favor of community control sanctions.
 {¶ 7} R.C. 2929.13(B)(1) provides that in sentencing an offender to a felony of the fifth degree, the sentencing court shall determine whether any of the following factors apply:
 {¶ 8} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 9} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 10} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 11} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 12} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 13} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 14} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 15} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 16} "(i) The offender committed the offense while in possession of a firearm." R.C. 2929.13(B)(1).
 {¶ 17} If the court finds that one of the above criteria applies, after considering the factors set out in R.C. 2929.12, in addition to finding that a prison term is consistent with the purposes and principles of sentencing in R.C. 2929.11 and that the offender is not amenable to a community control sanction, then the court must impose a prison term upon the offender. R.C. 2929.13(B)(2)(a); State v. Simpson, 7th Dist. No. 01-CO-29, 2002-Ohio-5374, at ¶ 68. However, if the court does not make one of the R.C. 2929.13(B)(1) findings and after considering the factors set out in R.C. 2929.12, finds that a community control sanction is consistent with the purposes and principles of R.C. 2929.11, then the court must impose a community control sanction. R.C. 2929.12(B)(2)(b);Simpson, at ¶ 69.
 {¶ 18} It is within the trial court's broad discretion to determine whether to impose a prison term instead of community control. Id. However, despite this broad discretion, under R.C. 2929.19(B)(2) the trial court is required to state its findings and reasons for imposing a prison term on a fourth or fifth degree felony. Id., at ¶ 71. R.C.2929.19(B)(2)(a) provides that when the court imposes a prison term for a fourth or fifth degree felony, it must make a finding that gives reasons for imposing a prison term, based upon the overriding purposes and principles of sentencing set forth in R.C. 2929.11 and any R.C.2929.13(B)(1) factors that it finds applicable. These findings must be stated on the record, which has been interpreted by the Ohio Supreme Court to mean at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 26. A trial court commits reversible error if the requisite findings and reasons are not in the record. State v.Edmonson, 86 Ohio St.3d 324, 329, 1999-Ohio-110. Thus, we must determine whether the trial court made appropriate findings to sentence Marcum to a prison term for her multiple fifth degree felony convictions.
 {¶ 19} During the sentencing hearing, the trial court did not specifically state that it considered the factors listed in R.C.2929.13(B)(1) when sentencing Marcum to prison instead of community control. However, the dialog between Marcum and the court indicates that the court found that factor (d) applied to Marcum, i.e. Marcum was in a position of trust when the offenses were committed. We find no error with this determination.
 {¶ 20} Previously, we have construed the phrase "position of trust" to apply to both public and private persons where that position is related to or facilitated the commission of the offense. State v.Boland, 147 Ohio App.3d 151, 2002-Ohio-1163, at ¶ 64-66. In Boland,
we found the offender was in a "position of trust" as a family friend and personal secretary to the victim when she repeatedly forged checks on the victim's account. Id. at ¶ 70. Here the victims are family members that Marcum was staying with at the time of the offense, thus, the facts in Boland are similar to the facts in this case. Therefore, the trial court's reference to Marcum's relationship to the victims is a finding that she held a position of trust under R.C. 2929.13(B)(1)(d).
 {¶ 21} Also from the record, it can be gleaned that the trial court considered the factors listed in R.C. 2929.12 when sentencing Marcum to prison. The R.C. 2929.12 factors indicate whether a particular offense is more or less serious and whether a particular defendant is more or less likely to recidivate. When making findings under R.C. 2929.12 regarding the seriousness of the offender's conduct and the likelihood of recidivism, the sentencing judge is not required to use specific language or make specific findings on the record. State v. Arnett,88 Ohio St.3d 208, 215, 2000-Ohio-302.
 {¶ 22} Here, the trial court found that Marcum had demonstrated a great likelihood of recidivism. It found that anything less than a prison term would demean the seriousness of the offense. In support of these findings, the trial court cited Marcum's background, her relationships with the victims, and the fact that her criminal history all happened in the same general time frame. This is a sufficient explanation of the reasons for the trial court's findings.
 {¶ 23} Also, there were factors that demonstrated this was a more serious version of the offense. R.C. 2929.12(B)(6) states that an offense is more serious if the offender's relationship with the victim facilitated the offense. As aforementioned, the trial court referenced the relationship between Marcum and the victim during the sentencing hearing. Additionally, the trial court concluded that Marcum's argument that her husband's drug problem and the death of her son two years prior to the offenses caused her to commit the offenses, showed a lack of genuine remorse for committing the offenses. This is a factor showing a greater likelihood of recidivism under R.C. 2929.12(D)(5). As such, there was a sufficient showing of her having a likelihood of recidivism.
 {¶ 24} Further in compliance with R.C. 2929.19(B)(2)(a), the trial court stated on the record that its reasons for imposing the prison sentence complied with the purposes and principles of felony sentencing. The overriding purposes and principles of felony sentencing are to protect the public from future crime by the offender and others, and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution. R.C. 2929.11(A).
 {¶ 25} Here, at the sentencing hearing, the trial court denied Marcum's request for probation with the following explanation:
 {¶ 26} "Okay. Now I'm concerned about your criminal record. I can understand your counsel's point. And that is it seemed like everything seemed to happen maybe pretty much at one time here in terms of a general timeframe. But, still, that kind of gives me some guidance about whether or not I feel that you would be successful if I gave you community control sanctions, otherwise called probation. So I can understand the State's concern with that regardless of the timeframe in which these matters occurred.
 {¶ 27} "You know, I think anything less than a prison sentence here would demean the seriousness of what you did. I feel that it would fail to protect the public. However, by the same token, I don't think that the maximums here are called for.
 {¶ 28} "* * *
 {¶ 29} "* * *. Because I feel based on your background, the relationship that you had here, the individuals whom you victimized, makes you a likely candidate to commit future crimes. I am also frankly disturbed that you tend to point the finger in other directions and use other excuses to try to blame other people or other occurrences for your conduct." (Tr. at 44-45, 47).
 {¶ 30} These findings at the sentencing hearing adequately comply with the statute and with the purposes and principles of felony sentencing. Therefore, this assignment of error lacks merit.
 {¶ 31} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.