DECISION
{¶ 1} Defendant-appellant, Terry Parr, n.k.a. Wiley, was indicted on ten counts of theft of drugs, violations of R.C. 2913.02 in case No. 03AP-363, and one count of illegal processing of drug documents, a violation of R.C. 2925.23 in case No. 03AP-362. Appellant filed a motion for treatment in lieu of conviction which the trial court treated as a motion for intervention in lieu of conviction, pursuant to R.C.2951.041(B), in both cases. The trial court denied the motions and appellant pled no contest to the indictments. Appellant was found guilty and sentenced to three years of intensive supervision of community control. Appellant filed a notice of appeal and raises the following assignment of error:
The Trial Court erred in denying the Defendant-Appellant's Motion for Intervention in Lieu of Conviction pursuant to R.C. 2951.041.
 {¶ 2} By the assignment of error, appellant contends that the trial court erred in denying her motion pursuant to R.C. 2951.041, which provides, as follows:
(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.
(2) The offense is not a felony of the first, second or third degree, is not an offense of violence, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term, a mandatory term of local incarceration, or a mandatory term of imprisonment in a jail.
(3) The offender is not charged with a violation of section 2925.02,2925.03, 2925.04, or 2925.06 of the Revised Code and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first, second, or third degree.
(4) The offender is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the fourth degree, or the offender is charged with a violation of that section that is a felony of the fourth degree and the prosecutor in the case has recommended that the offender be classified as being eligible for intervention in lieu of conviction under this section.
(5) The offender has been assessed by an appropriately licensed provider, certified facility, or licensed and credentialed professional including, but not limited to, a program licensed by the department of alcohol and drug addiction services pursuant to section 3793.11 of the Revised Code, a program certified by that department pursuant to section3793.06 of the Revised Code, a public or private hospital, the United States department of veterans affairs, another appropriate agency of the government of the United States, or a licensed ph9sician, psychiatrist, psychologist, independent social worker, professional counselor, or chemical dependency counselor for the purpose of determining the offender's eligibility or intervention in lieu of conviction and recommending an appropriate intervention plan.
(6) The offender's drug or alcohol usage as a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.
(7) The alleged victim of the offense was not sixty-five years of age or older, permanently or totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.
(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person, and the offender previously has not been treated for drug abuse.
(9) The offender is willing to comply with all terms and conditions imposed by the court, pursuant to division (D) of this section.
 {¶ 3} In order to grant a motion for intervention in lieu of conviction, the trial court must find that the defendant has met all of the requirements of R.C. 2951.041(B). Even when a defendant satisfies all of the statutory requirements, a trial court has discretion to determine whether a particular defendant is a good candidate for intervention in lieu of conviction. State v. Schmidt, 149 Ohio App.3d 89,2002-Ohio-3923. We apply an abuse of discretion standard to the review of the trial court's decision. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 4} Appellant was employed by St. Rita's Hospital, a nursing home, and admitted that she had been signing out percocet and taking it herself. Although only indicted on ten counts, appellant acknowledged she had stolen medication more than 31 times. The pre-sentence investigation report provided that appellant had a 20-year history of drug use, including percocet, xanax, oxycotin, alcohol and cocaine. She was also indicted for altering a prescription. Appellant was evaluated by a psychologist who found her to be a drug dependent person and eligible for intervention in lieu of conviction.
 {¶ 5} In this case, the state objected to appellant being granted intervention in lieu of conviction for several reasons, including that she was ineligible under R.C. 2951.041(B)(4). The prosecutor argued that, even though appellant was not charged with a violation of R.C.2925.11, she was charged with ten counts of felonies of the fourth degree and the prosecutor did not recommend she be classified as being eligible for intervention in lieu of conviction.
 {¶ 6} The prosecutor also objected on public policy grounds because appellant was a licensed health care professional working at St. Rita's Hospital and the prosecutor believed that it was unwise to permit health care professionals to seek intervention in lieu of conviction, manage to complete the program and if the person's record is expunged, he or she could reacquire his license and be back in a position to abuse drugs again.
 {¶ 7} Also, the prosecutor was concerned that appellant had admitted to using cocaine and had committed illegal activity to acquire such drugs. The final reason the prosecutor objected was that appellant had failed two treatment programs.
 {¶ 8} The defense attorney responded that appellant was not charged with a violation of R.C. 2925.11, that the doctor who had examined appellant was aware of all of the items the prosecutor mentioned and yet the doctor still recommended intervention in lieu of conviction.
 {¶ 9} The trial court applied the nine criteria, pursuant to R.C.2951.041(B), and determined that appellant did not meet the criteria and denied the request for intervention in lieu of conviction. Specifically, the trial court was concerned about appellant's two previous failed attempts at treatment, which is a factor pursuant to R.C. 2951.041(B)(9). The trial court also found that intervention in lieu of conviction would demean the seriousness of the offense of the ten thefts, which were facilitated, in part, by her professional license and the position of trust she held at the nursing home. As stated above, pursuant to R.C.2951.041(B)(6), the court should consider whether the offender's drug usage was a factor leading to the criminal offense and whether intervention in lieu of conviction would demean the seriousness of the offense. Given the trust position appellant held as a nurse in our society and the access to drugs, intervention in lieu of conviction would demean the seriousness of theft of drugs from the employer. We cannot find that the trial court abused its discretion given the facts in this case. Appellant's assignment of error is not well-taken.
 {¶ 10} For the foregoing reasons, appellant's assignment of error is overruled and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
Petree, P.J., and Watson, J., concur.