OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the request of defendant-appellee, Thomas L. Geraci, for intervention in lieu of conviction. Because appellee was not eligible for intervention in lieu of conviction, we reverse that judgment.
 {¶ 2} On October 17, 2002, appellee was indicted for three counts of deception to obtain a dangerous drug in violation of R.C. 2925.22 ("deception counts") and seven counts of illegal processing of drug documents in violation of R.C. 2925.23(C)(2) ("illegal processing counts"). The deception counts alleged that appellee procured, by deception, prescriptions for Hydrocodone, commonly known as Lortab, a Schedule III drug. The illegal processing counts alleged that appellee acquired, by theft, blank preprinted prescription pads used for writing prescriptions.
 {¶ 3} Appellee requested intervention in lieu of conviction pursuant to R.C. 2951.041 ("intervention"). The trial court ordered an evaluation of appellee to determine his eligibility for intervention. After a hearing at which the state opposed appellee's request for intervention, the trial court found appellee eligible for intervention. Accordingly, the trial court accepted appellee's guilty pleas to all ten counts of the indictment and granted his intervention request.
 {¶ 4} The state appeals, assigning the following error:
The trial court erred in granting defendant's request for intervention in lieu of conviction, as defendant failed to meet the eligibility requirements under R.C. 2950.041 [sic].
 {¶ 5} Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather than punish the crime. State v. Shoaf (2000),140 Ohio App.3d 75, 77. If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. State v. Wiley, Franklin App. No. 03AP-362, 2003-Ohio-6835, at ¶ 3. However, the trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law to be reviewed by this court de novo. See State v. Sufronko (1995),105 Ohio App.3d 504, 506.
 {¶ 6} If a trial court elects to consider an offender's request for intervention, it must hold a hearing to determine the offender's eligibility. R.C. 2951.041(A)(1). R.C. 2951.041(B) sets forth eight eligibility requirements for intervention. The relevant requirement at issue here is found in R.C.2951.041(B)(1), which provides, in pertinent part, that an offender is eligible for intervention if "[t]he offender * * * is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code * * *." The state contends that because appellee would not have been sentenced under R.C. 2929.13(B)(2)(b) for either the deception or illegal processing counts, appellee was not eligible for intervention. We agree.
 {¶ 7} We first address appellee's eligibility for intervention for the deception counts. R.C. 2925.22(A) makes it illegal to procure by deception a prescription for a dangerous drug or to possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug. Division (B) of R.C. 2925.22 further provides:
(B) Whoever violates this section is guilty of deception to obtain a dangerous drug. The penalty for the offense shall be determined as follows:
* * *
(2) If the drug involved is a dangerous drug or a compound, mixture, preparation, or substance included in schedule III, IV, or V or is marihuana, deception to obtain a dangerous drug is a felony of the fifth degree, and division (C) of section 2929.13of the Revised Code applies in determining whether to impose aprison term on the offender. (Emphasis added.) Because the deception counts against appellee involved a schedule III drug, appellee would have been sentenced under R.C. 2929.13(C).
 {¶ 8} The trial court relied upon State v. Jamison (Mar. 16, 2001), Montgomery App. No. 18509, in determining that appellee was eligible for intervention. In Jamison, the defendant was charged with one count of trafficking in cocaine, a violation of R.C. 2925.03(A), and requested intervention. The trial court ruled that Jamison was ineligible for intervention because R.C. 2925.03(C)(4)(a) required that sentence be imposed pursuant to R.C. 2929.13(C) — not R.C. 2929.13(B)(2)(b). TheJamison court reversed, interpreting the eligibility requirement that the trial court would impose sentence under R.C.2929.13(B)(2)(b) to mean that the offender must be charged with a felony offense for which the court would be permitted to impose community control sanctions — apparently, regardless of what statute authorized the imposition of community control. TheJamison court further reasoned that because neither R.C.2925.03(C)(4)(a) nor 2929.13(C) prohibited the trial court from imposing community control sanctions, the defendant was eligible for intervention under R.C. 2951.041(B)(1). We respectfully disagree with this analysis.
 {¶ 9} R.C. 2951.041(B)(1) expressly limits eligibility for intervention to those offenders charged with a fourth or fifth degree felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of R.C. 2929.13. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation. Symmes Twp. Bd. of Trustees v.Smyth (2000), 87 Ohio St.3d 549, 553, citing Meeks v.Papadopulos (1980), 62 Ohio St.2d 187, 190. "In such a case, we do not resort to rules of interpretation in an attempt to discern what the General Assembly could have conclusively meant or intended in * * * a particular statute — we rely only on what the General Assembly has actually said." Muenchenbach v. PrebleCty. (2001), 91 Ohio St.3d 141, 149 (Moyer, C.J., dissenting).
 {¶ 10} R.C. 2951.041(B)(1) is plain, unambiguous and conveys a clear and definite meaning without the need of interpretation. The legislature expressly chose to limit intervention to the class of offenders who would qualify for community control under the specific set of criteria set forth in R.C. 2929.13(B)(2)(b). It is not enough that community control is a sanction available to the trial court under another statutory provision.
 {¶ 11} In the case at bar, the trial court would have imposed sentence for appellee's deception counts pursuant to R.C.2929.13(C) — not R.C. 2929.13(B)(2)(b). Accordingly, under the plain and unambiguous language of R.C. 2951.041(B)(1), appellee was not eligible for intervention.
 {¶ 12} Nor was appellee eligible for intervention for the illegal processing counts. These counts are violations of R.C.2925.23(C)(2), felonies of the fifth degree. Therefore, a trial court would impose sentence for these counts pursuant to R.C.2929.13(B). To determine whether a trial court would impose sentence under R.C. 2929.13(B)(2)(a) or 2929.13(B)(2)(b), the trial court must first determine if any of the findings in R.C.2929.13(B)(1)(a) through (i) apply to the offender. Those findings are:
(a) In committing the offense, the offender caused physical harm to a person.
(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
(e) The offender committed the offense for hire or as part of an organized criminal activity.
(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05,2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
(i) The offender committed the offense while in possession of a firearm.
 {¶ 13} If the trial court makes any of these findings and, after considering the factors set forth in R.C. 2929.12, it determines that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, it would impose sentence pursuant to R.C. 2929.13(B)(2)(a). On the other hand, if the trial court does not make any of these findings and, after considering the factors set forth in R.C. 2929.12, it determines that community control sanctions are consistent with the purposes and principles of sentencing set forth in R.C.2929.11, it would impose community control sanctions pursuant to R.C. 2929.13(B)(2)(b) and the defendant would be eligible for intervention. See State v. Marcum, Columbiana App. No. 02-CO-72, 2003-Ohio-6391, at ¶ 17.
 {¶ 14} The state contends that appellee would not be eligible for intervention for the illegal processing counts because the trial court would have made one of the R.C. 2929.13(B)(1) findings and, consequently, would not have imposed sentence under R.C. 2929.13(B)(2)(b). Specifically, the state contends that appellee held a position of trust and that appellee committed an offense that violated the position of trust. Id. at (B)(1)(d). We agree. Whether appellee held a position of trust and whether the offense related to that position of trust is largely a question of law. State v. Condon, 152 Ohio App.3d 629, 2003-Ohio-2335, at ¶ 104. The phrase "position of trust" includes both public and private individuals. State v. Boland, 147 Ohio App.3d 151,2002-Ohio-1163, at ¶ 55-69; State v. Bolin (Jan. 12, 1998), Clermont App. No. CA97-06-056. Professions which normally fall under the "position of trust" rubric are those "traditionally thought to invoke a special relationship of trust — such as doctor, lawyer or accountant." Condon, supra, at ¶ 104. Appellee was a podiatrist when he obtained, by theft, blank prescription forms from a former partner and falsified those forms to obtain drug prescriptions to satisfy his drug addiction. As a podiatrist, appellee held a position of trust. He was indicted for a variety of charges arising from his attempts to illegally obtain drugs. Those charges were related to his position of trust as a podiatrist.
 {¶ 15} We recognize that intervention requests are often made in the early stages of the criminal proceedings. However, this fact does not prevent the trial court from obtaining sufficient information to determine whether the offender meets the eligibility requirements for intervention. If the trial court chooses to consider an offender's request for intervention, the trial court must order the offender assessed to determine the offender's eligibility. This assessment will contain significant information about the offender and the offender's underlying criminal conduct. Additionally, the trial court must hold a hearing to determine whether the offender is eligible for intervention. At that hearing, the offender may present evidence to establish that he is eligible for intervention. These statutory requirements provide the trial court with an adequate opportunity to gather sufficient information to determine whether any of the findings in R.C. 2929.13(B)(1) would be made and whether the trial court would impose sentence pursuant to R.C.2929.13(B)(2)(a) or 2929.13(B)(2)(b).
 {¶ 16} In the case at bar, the trial court would not have imposed sentence pursuant to R.C. 2929.13(B)(2)(b) for the illegal processing counts because appellee held a position of trust and his offenses related to that position. R.C.2929.13(B)(1)(d). Rather, the trial court would have imposed sentence pursuant to R.C. 2929.13(B)(2)(a). Accordingly, appellee was not eligible for intervention. See R.C. 2951.041(B)(1).
 {¶ 17} Lastly, even if appellee would have been sentenced under R.C. 2929.13(B)(2)(b) for the illegal processing counts, he still was not eligible for intervention because he was not eligible for intervention for the deception counts. An offender is not eligible for intervention unless the offender meets the eligibility requirements for all counts in the indictment. Otherwise, the trial court would be confronted with inconsistent approaches to the charges in the indictment. For example, when intervention is granted, the trial court may stay all criminal proceedings. R.C. 2951.041(C). However, it is unlikely that the trial court could stay counts for which the offender was not eligible for intervention. Likewise, upon the successful completion of intervention, the trial court "shall dismiss the proceedings against the offender." Id. at (E). Again, it is unlikely a trial court could dismiss counts for which the offender was not eligible for intervention. Moreover, allowing intervention for some counts but not for others would be inconsistent with the underlying premise of intervention — to treat the offender's drug or alcohol problem while allowing the offender to avoid criminal conviction for the offenses caused by the drug or alcohol abuse.
 {¶ 18} Because appellee did not satisfy the eligibility requirement for intervention found in R.C. 2951.041(B)(1), the trial court erred when it granted his request for intervention. Accordingly, appellant's assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed. The matter is remanded for further proceedings as if appellee had not requested intervention. See R.C. 2951.041(C).
Judgment reversed and cause remanded.
Bowman and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.