OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas in criminal proceedings against defendant-appellee, Kristine Sue France, granting her motion for intervention in lieu of conviction pursuant to R.C. 2951.041.
 {¶ 2} Appellee was indicted on November 13, 2003, on 52 counts of theft of narcotics, a fourth-degree felony under R.C.2913.02. Appellee allegedly committed these thefts in the course of her employment as a registered nurse at Riverside Hospital in Columbus, Ohio. Appellee later admitted that, on multiple occasions, she had stolen narcotics from the hospital's drug dispensing machine, an automated device that requires nurses to enter their own personal code, their fingerprint, and a code for the subject patient before dispensing the drug. Appellee obtained the drugs both by using codes for patients who had no standing drug orders, or ordering drugs in excess of patients' valid drug orders and diverting the surplus to herself. The drugs involved were fentanyl and morphine, both schedule II narcotics.
 {¶ 3} After indictment, appellee made an oral request to the court for intervention in lieu of conviction under R.C. 2951.041. The state objected on the basis that appellee failed to meet the statutory eligibility requirements based on a prior drug conviction and the other circumstances of her current offenses. The trial court, after a hearing, overruled the state's objections and granted appellee's request for intervention in lieu of conviction, referring her to NETCARE for evaluation. After evaluation, the court, on September 16, 2004, made findings regarding the circumstances of appellee's offenses, finding that drug or alcohol use was a factor leading to the criminal offenses, that intervention in lieu of conviction would not demean the seriousness of the offense, and that intervention would substantially reduce the likelihood of future criminal activity by appellee. The trial court accordingly ordered a stay of criminal proceedings in the case, established a detailed intervention plan for appellee, and placed appellee under the control and supervision of the Franklin County Probation Department for a period of five years.
 {¶ 4} The state has timely appealed and brings the following assignment of error:
THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S REQUEST FOR INTERVENTION IN LIEU OF CONVICTION, AS DEFENDANT FAILED TO MEET THE ELIGIBILITY REQUIREMENTS UNDER R.C. 2951.041.
 {¶ 5} The state lists three independent grounds for reversal in the present case: first, that the trial court was precluded from applying R.C. 2951.041 in the present case because appellee held a position of trust and committed an offense facilitated by that position; second, that eligibility for intervention in lieu of conviction requires that the defendant has not yet received a similar opportunity to avoid conviction on a previous occasion, and that appellee was therefore not eligible because she had availed herself of a diversion program in connection with her earlier indictment on separate prior offenses; and third, that intervention in lieu of conviction may not be applied where it demeans the seriousness of the offense, which the state argues would occur in the present matter. As the first ground is dispositive based upon prior decisions of this court, and a determination on the second two would require a decision on questions less clearly ascertainable from the record, we based our decision solely on the first ground argued.
 {¶ 6} This court has adopted an abuse of discretion standard for reviewing cases involving intervention in lieu of conviction under R.C. 2951.041. State v. Wiley, Franklin App. No. 03AP-362, 2003-Ohio-6835, at ¶ 3. The trial court's interpretation and application of the statutory eligibility requirements for intervention, however, is a matter of law to be reviewed by this court de novo. State v. Fritz, Franklin App. No. 04AP-63, 2004-Ohio-6129.
 {¶ 7} The legislative purpose behind R.C. 2951.041 was recently addressed by this court in State v. Geraci, Franklin App. No. 04AP-26, 2004-Ohio-6128, at ¶ 5:
Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather that punish the crime. State v. Shoaf (2000),140 Ohio App.3d 75, 77 * * *. If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. * * *
 {¶ 8} R.C. 2951.041(B) provides, in pertinent part, as follows:
(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor.
 {¶ 9} The state argues that appellee would not have been sentenced under R.C. 2929.13(B)(2)(b) in the present case, as required for eligibility for intervention under R.C. 2951.041. The state points out that, although appellee was indicted under offenses that would have resulted in sentencing under R.C.2929.13(B) generally, in order to impose sentence under R.C.2929.13(B)(2)(b), the trial court must initially determine that none of the factors set forth in R.C. 2929.13(B)(1)(a) through (i) are present. In particular, R.C. 2929.13(B)(1)(d) enumerates the following factor as precluding sentencing under R.C.2929.13(B)(2)(b): "The offender held a public office or position of trust and the offense related to that office or position; the offender's position * * * or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others."
 {¶ 10} If the trial court makes any of the enumerated findings in R.C. 2929.13(B)(1)(a) through (i), including the above-quoted section regarding the offender's position holding a position of trust, the trial court will, after considering the factors set forth in R.C. 2929.12 in determining that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, impose sentence pursuant to R.C.2929.13(B)(2)(a), not 2929.13(B)(2)(b), as required by the intervention statute. Geraci, at ¶ 13. Whether appellee held a position of trust and whether the offense related to that position of trust is principally a question of law. Id. at ¶ 14;State v. Condon, 152 Ohio App.3d 629, 2003-Ohio-2335, at ¶ 104. The phrase "position of trust" encompasses individuals occupying either public or private positions. State v. Boland,147 Ohio App.3d 151, 2002-Ohio-1163, at ¶ 55-69. This court has determined, on facts comparable to the case before us, that a nurse with the authority to dispense narcotics holds a position of trust falling under R.C. 2929.13(B)(1)(d), stating as follows:
Given the trust position appellant held as a nurse in our society and the access to drugs, intervention in lieu of conviction would demean the seriousness of theft of drugs from the employer. * * *
Wiley, at ¶ 9.
 {¶ 11} There is no doubt in the present case that appellee's professional position facilitated her crime, and that the hospital's trust in her was breached. We acknowledge that the trial court pointed out, correctly, that this line of reasoning will inevitably make it difficult for health care professionals at all levels to benefit from intervention in narcotic-related crimes. Whether or not this is desirable, it is the logical result of the statute as written. We are also sensitive to appellee's argument on appeal that, to the extent that no patient appears to have been denied medication or suffered deficient care as a result of appellee's actions, a breach of trust did not occur in the sense of appellee neglecting her immediate duties toward her patients. Nonetheless, there was an enormous breach of trust in this case: appellee was entrusted with great discretion by her employer-hospital in the care and dispensation of highly regulated substances, and her breach of that trust naturally entails serious consequences for subsequent orderly and lawful operation of the hospital's drug dispensation activities, and, as a consequence, potential impact upon the quality of patient care.
 {¶ 12} In accordance with the foregoing, and, based upon the authority of this court previously set forth in Wiley, we find that, because appellee was not eligible for sentencing under R.C.2929.13(B)(2)(b), the trial court erred in applying R.C. 2951.041
staying appellee's prosecution and ordering intervention in lieu of conviction. The state's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Sadler, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C)[NAF1], Article IV, Ohio Constitution.