[Cite as *State v. Kubisen*, 2018-Ohio-3833.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     18CA011256 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BART KUBISEN | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | CASE No.     16CR093865 |

DECISION AND JOURNAL ENTRY

Dated: September 24, 2018

HENSAL, Judge.

{¶1}   Appellant, the State of Ohio, appeals from the decision of the Lorain County Court of Common Pleas, finding Appellee, Bart Kubisen, eligible for intervention in lieu of conviction ("ILC").  This Court affirms.

I.

{¶2}   During the summer of 2012, Mr. Kubisen's ex-wife was employed as a caretaker for D.S., the victim in this matter.  D.S. was entering his mid-sixties at the time and required care due to his having been grievously injured in a motor vehicle collision.  He had received a large settlement in connection with the collision, and Mr. Kubisen's ex-wife had access to his finances in her role as his caretaker.  Once in June 2012 and once in July 2012, Mr. Kubisen cashed checks that were endorsed to him, purportedly signed by D.S., and totaled more than $2,000.  It is undisputed that D.S. never signed the checks or authorized payment to Mr. Kubisen.

{¶3} A grand jury indicted Mr. Kubisen on one count of theft, a fifth-degree felony, in violation of Revised Code 2913.02(A)(3). Following a brief period of discovery, he filed a motion for ILC. The trial court referred him to the Adult Probation Department for an interview and eligibility report and indicated that it would schedule him for an eligibility hearing after it received the report. Apart from meeting with the Adult Probation Department, Mr. Kubisen also underwent a drug and alcohol assessment at Psych & Psych Services.

{¶4} The trial court later conducted an eligibility hearing at which the State opposed Mr. Kubisen's request for ILC. In light of the parties' respective arguments, the report from the Adult Probation Department, and Mr. Kubisen's assessment from Psych & Psych Services, the court determined that Mr. Kubisen was eligible for ILC. The court then immediately conducted a plea hearing and issued a decision. In its written decision, the court indicated that Mr. Kubisen had pleaded guilty to theft, but that the criminal proceedings would be stayed pending his completion of ILC.

{¶5} The State appealed from the trial court's ILC eligibility determination, and, upon review, this Court reversed the trial court's decision. *See State v. Kubisen*, 9th Dist. Lorain No. 16CA011065, 2017-Ohio-8781. Our decision did not address the court's underlying eligibility determination, however, because we identified "a more fundamental error" in the proceedings. *Id.* at ¶ 4. Specifically, the record revealed that the trial court had neglected to ask Mr. Kubisen to enter a plea at his plea hearing. *See id.* at ¶ 7-10. We concluded that the court could not accept his guilty plea unless he actually pleaded guilty in court, so "[his] failure to do so * * * render[ed] his subsequent admission into ILC invalid." *Id.* at ¶ 10. Accordingly, we reversed and remanded the matter for further proceedings. *Id.*

{¶6} On remand, Mr. Kubisen once again filed a motion for ILC, and the State filed a brief in opposition. The court conducted another hearing and, at its conclusion, found Mr. Kubisen eligible for ILC. The court then accepted Mr. Kubisen's guilty plea and issued a decision, staying the criminal proceedings pending his completion of ILC.

{¶7} The State now appeals from the trial court's eligibility determination and raises a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-APPELLEE
BART KUBISEN WAS ELIGIBLE FOR [ILC].

{¶8} In its sole assignment of error, the State argues that the trial court erred when it found Mr. Kubisen eligible for ILC. Specifically, the State argues that Mr. Kubisen was ineligible for ILC because: (1) he failed to show that his alcohol usage was a factor leading to the commission of his theft offense, *see* R.C. 2951.041(B)(6); and (2) the victim in this matter was "permanently and totally disabled" at the time of the offense, *see* R.C. 2951.041(B)(7). For the following reasons, this Court rejects the State's assignment of error.

{¶9} "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 9, citing R.C. 2951.041(A)(1). If a court elects to consider an offender's request for ILC,

> the court shall conduct a hearing to determine whether the offender is eligible * * *. If the court schedules a hearing, the court *shall order an assessment of the offender for the purpose of determining the offender's eligibility for [ILC] and recommending an appropriate intervention plan.*

(Emphasis added.) R.C. 2951.041(A)(1). Thus, a court-ordered eligibility assessment is mandatory. *Id.* *See also State v. Stanton*, 2d Dist. Montgomery No. 25298, 2013-Ohio-1825, ¶ 12. If an offender specifically alleges that his drug or alcohol use was a factor leading to his charge(s), then the court, in its sound discretion, also may order "the offender be assessed by a community addiction services provider or a properly credentialed professional * * *." R.C. 2951.041(A)(1); *see also State v. Birch*, 12th Dist. Butler No. CA2010-10-256, 2012-Ohio-543, ¶ 55-56.

{¶10} Following Mr. Kubisen's motion for ILC, the trial court referred him to the Adult Probation Department for an interview and eligibility report.[1] Mr. Kubisen also completed a drug and alcohol assessment at Psych & Psych Services, but his statutorily mandated eligibility assessment was conducted by the Adult Probation Department. *See* R.C. 2951.041(A)(1). The Department's report was a key piece of evidence at Mr. Kubisen's eligibility hearings, as both the parties and the court referred to its contents and the statements contained therein on multiple occasions. Yet, upon review, the appellate record does not contain a copy of the report. The only assessment contained in the record is the drug and alcohol assessment conducted by Psych & Psych Services. Though Mr. Kubisen noted this deficiency in his appellate brief, the State neither responded in reply, nor attempted to remedy the deficiency.

{¶11} "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081, 16AP0082, 2017-Ohio-7545, ¶ 6. "This Court has consistently held that, where the appellant has failed to provide a complete record to facilitate appellate review,

---

[1] Notably, in his motion for ILC, Mr. Kubisen specifically asked the court to refer him to the Adult Probation Department "for screening on his request."

this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment." *State v. Carney*, 9th Dist. Lorain No. 14CA010706, 2016-Ohio-2684, ¶ 12, quoting *State v. Yuncker*, 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17. As the appellant in this matter, it was the State's responsibility to ensure that Mr. Kubisen's statutorily mandated eligibility assessment was made a part of the record for purposes of this appeal. Because the State failed to do so, this Court has no choice but to presume regularity in the proceedings. *See id.* at ¶ 12; *see also Mellott* at ¶ 6-7. The State's sole assignment of error is overruled on that basis.

III.

**{¶12}** The State's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellant.

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellee.