[Cite as *State v. White*, 2019-Ohio-905.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011278 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| QUINN WHITE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 17CR095944 |

DECISION AND JOURNAL ENTRY

Dated: March 18, 2019

CARR, Judge.

{¶1} Appellant, Quinn White, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On May 5, 2017, the Lorain County Grand Jury charged White with one count of carrying a concealed weapon and one count of improperly handling a firearm in a motor vehicle. After pleading not guilty to the charges at arraignment, White filed a motion for intervention in lieu of conviction ("ILC") pursuant to R.C. 2951.041. The trial court referred White to the Adult Probation Department for evaluation and an eligibility report. Thereafter, White appeared before the trial court and entered a guilty plea to the charges in the indictment. Several weeks later, the parties appeared for a hearing on White's ILC motion. The trial court ultimately denied the motion on the basis that it did not see a connection between addiction issues and the crimes

charged. The matter proceeded to sentencing where the trial court imposed a three-year term of community control.

{¶3} On appeal, White raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY REFUSING TO GRANT APPELLANT'S MOTION FOR INTERVENTION IN LIEU OF CONVICTION WHEN HE WAS STATUTORILY ELIGIBLE PURSUANT TO R.C. 2951.041(B).

{¶4} In his sole assignment of error, White contends that the trial court erred and abused its discretion in denying his ILC motion. Specifically, White contends that the trial court misinterpreted the eligibility conditions set forth in R.C. 2951.041(B)(6). This Court disagrees.

{¶5} The statutory scheme governing ILC is set forth in R.C. 2951.041.[1] R.C. 2951.041(A)(1) states that "[i]f an offender is charged with a criminal offense * * * and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged * * * the court may accept, prior to the entry of a guilty plea, the offender's request for [ILC]." The statute further provides as follows:

> The court may reject an offender's request without a hearing. If the court elects to consider an offender's request, the court shall conduct a hearing to determine whether the offender is eligible under this section for [ILC] and shall stay all criminal proceedings pending the outcome of the hearing. If the court schedules a hearing, the court shall order an assessment of the offender for the purpose of determining the offender's eligibility for [ILC] and recommending an appropriate intervention plan.

---

[1] Minor amendments to R.C. 2951.041 took effect on three separate occasions in 2018. For the purposes of this appeal, we apply the version of the statute in place at the time the trial court ruled on White's motion for intervention in lieu of conviction.

R.C. 2951.041(A)(1). R.C. 2951.041(B) sets forth the conditions that a defendant must meet in order to be eligible for ILC. R.C. 2951.041(C) provides that at the conclusion of the hearing, "the court shall enter its determination as to whether the offender is eligible for ILC and as to whether to grant the offender's request." If the trial court finds that an offender is eligible for ILC and grants the request, "the court shall accept the offender's plea of guilty[.]" *Id.* "In addition, the court then may stay all criminal proceedings and order the offender to comply with all terms and conditions imposed by the court pursuant to [R.C. 2951.041(D)]." R.C. 2951.041(C).

{¶6} The Supreme Court of Ohio has stated that "ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 9, citing R.C. 2951.041(A)(1). "If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender." *Massien* at ¶ 9, citing R.C. 2951.041(C) and (D).

{¶7} "If an offender satisfies all of the statutory eligibility requirements for intervention [set forth in R.C. 2951.041(B)], the trial court has discretion to determine whether a particular offender is a good candidate for intervention." *Massien* at ¶ 11, quoting *State v. Geraci*, 10th Dist. Franklin No. 04AP-26, 2004-Ohio-6128, ¶ 5.

4

## Background

**{¶8}** As noted above, White was charged with carrying a concealed weapon and improperly handling a firearm in a motor vehicle. After White filed his motion for ILC, the trial court issued an order referring White to the probation department for evaluation.

**{¶9}** On December 13, 2017, White appeared before the trial court and pleaded guilty to the charges in the indictment. Prior to the commencement of the plea colloquy, defense counsel noted that White's motion remained outstanding and that he had discussed "the contours of the [ILC] program" with his client. Defense counsel stated that it was his understanding that the propriety of the motion would be addressed at a hearing on February 7, 2018, at which time the evaluation report would be available. The State acknowledged that it was aware of White's outstanding motion and it urged the trial court to accept White's change of plea.

**{¶10}** During the plea colloquy, White indicated that he understood that, upon acceptance of the guilty pleas, the trial court could proceed with judgment and sentence. The trial court asked "[o]ther than discussions regarding intervention in lieu, were there any other promises made to you?" White responded in the negative. At the conclusion of the hearing, the trial court set a date for "sentencing and/or ruling on the intervention in lieu motion[.]" The trial court then stated as follows:

> In the meantime, sir, if you're hoping for intervention in lieu – or, at the very least, community control -- you've got to demonstrate to me that you can succeed in those areas. That means you don't break the law, you test clean for drugs, you're respectful and cooperative with the probation department and any other Court staff that you're dealing with, and you're following through with any treatment recommendations you've received so far.

**{¶11}** After the conclusion of the plea hearing, the trial court issued a journal entry indicating that it had accepted White's guilty plea and that it would hold the plea in abeyance pending its ruling on the motion for ILC.

{¶12} The parties appeared before the trial court again on February 7, 2018. At the outset of the hearing, the trial court indicated that after reviewing the record, including the eligibility report, it could not identify "any nexus between any addiction issues and the crimes charged." Defense counsel argued that White's continued use of marijuana had negatively impacted his decision making and that, through treatment, White was beginning to understand the impact of drug use on his life. While the trial court acknowledged that White would be better off if he refrained from smoking marijuana, it reiterated that it could not see any indication that White was using marijuana on the night in question or that marijuana was a factor in the incident. When defense counsel responded that a defendant need not be under the influence at the time of the offense in order to qualify for ILC, the trial court stressed that there must be "some connection" between drug use and the criminal conduct. Defense counsel maintained that White would not have committed the crimes if it were not for his poor decision making that stemmed from his "habitual use of marijuana." The trial court ultimately denied the motion on the basis that it was unable to find a connection between drug use and the crimes at issue in this case.[2] The matter proceeded to sentencing.

## Discussion

{¶13} In support of his assignment of error, White argues that the trial court erred when it determined that he was not eligible for ILC. Specifically, White contends that the trial court misinterpreted R.C. 2951.041(B)(6), which requires the trial court to find that "[t]he offender's drug usage * * * was a factor leading to the criminal offense with which the offender is charged * * *." White stresses that the statute merely requires that the offender's drug addiction must be

---

[2] After the trial court denied the motion, defense counsel requested additional time to reach out to White's treatment provider to obtain information regarding the connection between marijuana use and poor decision making. The trial court denied this request.

a factor leading to the offense, not that the offender was under the influence at the time of the offense. White asserts on appeal that his drug addiction caused him to enter into a lifestyle that was marred by poor choices, including engaging in the criminal conduct at issue in this case.

{¶14} At the outset of our discussion, we note that it is apparent from the record that the trial court may have deviated from the process set forth in R.C. 2951.041(A)-(C). While R.C. 2951.041(A) suggests that the trial court should determine whether an offender is eligible for ILC prior to accepting a guilty plea, the trial court here accepted White's guilty plea before reviewing the eligibility report and making a determination regarding whether he was eligible. On appeal, White does not argue that the trial court erred by accepting his guilty pleas prior to determining whether he was eligible for ILC, nor does he argue that his conviction was not knowing, intelligent, and voluntary. Accordingly, our analysis will be limited to White's argument that the trial court erred in concluding that he was not eligible for the program. *See generally State v. Cebula*, 11th Dist. Lake No. 2013-L-085, 2014-Ohio-3276, ¶ 16 ("[The offender] has not waived the alleged error surrounding his ILC motion by pleading guilty.").

{¶15} A review of the record reveals that White cannot prevail on his argument. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow the Court to resolve the issues on appeal." *State v. Kubisen*, 9th Dist. Lorain No. 18CA011256, 2018-Ohio-3833, ¶ 11, quoting *State v. Mellott*, 9th Dist. Wayne Nos. 16AP0081, 16AP0082, 2017-Ohio-7545, ¶ 6. When an appellant fails to provide a complete record to facilitate appellate review, this Court must presume regularity in the trial court's proceedings and affirm. *State v. Boatright*, 9th Dist. Summit No. 28101, 2017-Ohio-5794, ¶ 46. At the February 7, 2018 hearing, the trial court indicated that it had relied on White's ILC eligibility report. At the conclusion of the sentencing hearing, defense counsel asked the trial court to "mark the

intervention report * * * for appellate review." Unfortunately, the eligibility report was not filed in the trial court record, nor was it made part of the appellate record. White, as the appellant in this matter, was responsible for ensuring that his eligibility report was made part of the appellate record. *See Kubisen* at ¶ 11. As the eligibility report has not been included in the appellate record, we have no choice to but to presume regularity and affirm the trial court's judgment.

**{¶16}** The assignment of error is overruled.

### III.

**{¶17}** White's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.