OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas granting the request of defendant-appellee, Mary C. Fritz, for intervention in lieu of conviction. Because appellee was not eligible for intervention in lieu of conviction, we reverse that judgment.
 {¶ 2} On April 2, 2002, appellee was indicted for six counts of deception to obtain a dangerous drug in violation of R.C.2925.22. Appellee allegedly procured, by deception, prescriptions for Hydrocodone, commonly known as Vicodin, a Schedule II drug. In June 2002, appellee was admitted to the Franklin County Prosecuting Attorney's Diversion Program to treat her drug dependency and to avoid criminal convictions. The criminal proceedings were stayed pending her compliance with the diversion program. Appellee failed to comply with the diversion program's conditions. As a result, appellee was terminated from the program and the criminal proceedings were reactivated.
 {¶ 3} Appellee subsequently requested intervention in lieu of conviction pursuant to R.C. 2951.041 ("intervention"). The trial court ordered an evaluation of appellee by NetCare Forensic Psychiatry Center to assist the trial court in determining her eligibility for intervention. After a hearing at which the state opposed appellee's eligibility for intervention, the trial court determined that appellee satisfied the eligibility requirements for intervention set forth in R.C. 2951.041(B). Accordingly, the trial court accepted appellee's guilty pleas to the six counts of the indictment and granted her intervention request.
 {¶ 4} The state appeals, assigning the following error:
The trial court erred in granting defendant's request for intervention in lieu of conviction, as defendant failed to meet the eligibility requirements under R.C. 2950.041 [sic].
 {¶ 5} Intervention provides an alternative to prison if the trial court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior. Intervention reflects the legislature's determination that when drug abuse is the cause or precipitating factor in the commission of an offense, it may be more beneficial to the individual and to the community as a whole to treat the cause rather than punish the crime. State v. Shoaf (2000),140 Ohio App.3d 75, 77. If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention. State v. Wiley, Franklin App. No. 03AP-362, 2003-Ohio-6835, at ¶ 3. However, the trial court's interpretation and application of the statutory eligibility requirements for intervention is a matter of law to be reviewed by this court de novo. See State v. Sufronko (1995),105 Ohio App.3d 504, 506.
 {¶ 6} If a trial court elects to consider an offender's request for intervention, it must hold a hearing to determine the offender's eligibility. R.C. 2951.041(A)(1). R.C. 2951.041(B) sets forth eight eligibility requirements for intervention. The relevant requirement at issue here is found in R.C.2951.041(B)(1), which provides, in pertinent part, that an offender is eligible for intervention if "[t]he offender * * * is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code * * *." The state contends that because appellee would not have been sentenced under R.C. 2929.13(B)(2)(b), appellee was not eligible for intervention. We agree.
 {¶ 7} R.C. 2925.22(A) makes it illegal to procure by deception a prescription for a dangerous drug or to possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug. Division (B) of R.C. 2925.22
further provides:
(B) Whoever violates this section is guilty of deception to obtain a dangerous drug. The penalty for the offense shall be determined as follows:
(1) If the drug involved is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, deception to obtain drugs is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Codeapplies in determining whether to impose a prison term on theoffender. (Emphasis added.) Because the sixth deception to obtain dangerous drug counts against appellee involved a schedule II drug, appellee would have been sentenced under R.C.2929.13(C).
 {¶ 8} The trial court relied upon State v. Jamison (Mar. 16, 2001), Montgomery App. No. 18509, in determining that appellee was eligible for intervention. In Jamison, the defendant was charged with one count of trafficking in cocaine, a violation of R.C. 2925.03(A), and requested intervention. The trial court ruled that Jamison was ineligible for intervention because R.C. 2925.03(C)(4)(a) required that sentence be imposed pursuant to R.C. 2929.13(C) — not 2929.13(B)(2)(b). See R.C.2925.03(C)(4)(a). The Jamison court reversed, interpreting the eligibility requirement that the trial court would impose sentence under R.C. 2929.13(B)(2)(b) to mean that the offender must be charged with a felony offense for which the court would be permitted to impose community control sanctions — apparently, regardless of what statute authorized the imposition of community control. The Jamison court further reasoned that because neither R.C. 2925.03(C)(4)(a) nor R.C. 2929.13(C) prohibited the trial court from imposing community control sanctions, the defendant was eligible for intervention under R.C.2951.041(B)(1). We respectfully disagree with this analysis.
 {¶ 9} R.C. 2951.041(B)(1) expressly limits eligibility for intervention to those offenders charged with a fourth or fifth degree felony for which the court upon conviction, would impose sentence under division (B)(2)(b) of R.C. 2929.13. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation. Symmes Twp. Bd. of Trustees v.Smyth (2000), 87 Ohio St.3d 549, 553, citing Meeks v.Papadopulos (1980), 62 Ohio St.2d 187, 190. "In such a case, we do not resort to rules of interpretation in an attempt to discern what the General Assembly could have conclusively meant or intended in * * * a particular statute — we rely only on what the General Assembly has actually said." Muenchenbach v. PrebleCty. (2001), 91 Ohio St.3d 141, 149 (Moyer, C.J., dissenting).
 {¶ 10} R.C. 2951.041(B)(1) is plain and unambiguous and conveys a clear and definite meaning without the need of interpretation. The legislature chose to limit intervention to the class of offenders who would qualify for community control under the specific set of criteria set forth in R.C.2929.13(B)(2)(b). It is not enough that community control is a sanction available to the trial court under another statutory provision.
 {¶ 11} In the case at bar, the trial court would have imposed sentence pursuant to R.C. 2929.13(C) — not R.C. 2929.13(B)(2)(b). Accordingly, under the plain and unambiguous language of R.C.2951.041(B)(1), appellee was not eligible for intervention.
 {¶ 12} Because appellee did not satisfy the eligibility requirement for intervention found in R.C. 2951.041(B)(1), the trial court erred when it granted her request for intervention. Accordingly, the state's assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. The matter is remanded for further proceedings as if appellee had not requested intervention. See R.C. 2951.041(C).
Judgment reversed and cause remanded.
Bowman and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.