OPINION
{¶ 1} Defendant, Katherine Hagler, appeals from her conviction and sentence for illegal processing of drug documents, which was entered on Hagler's plea of no contest after the trial court overruled her motion for intervention in lieu of conviction. *Page 2 
 {¶ 2} Defendant was indicted on one count of illegal processing of drug documents involving Vicodin, a Schedule III drug, which is a fifth degree felony. R.C. 2925.23(B)(1), (F)(2). Pursuant to R.C. 2951.041, Defendant filed a motion for intervention in lieu of conviction (ILC). The trial court denied that motion, concluding that Defendant is not eligible for consideration of intervention in lieu of conviction. Subsequently, Defendant entered a plea of no contest to the illegal processing of drug documents charge, was found guilty, and was sentenced by the trial court to five years of community control sanctions.
 {¶ 3} Defendant timely appealed to this court challenging the trial court's decision overruling her motion for intervention in lieu of conviction.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT JUDGE ERRED IN DENYING DEFENDANT'S INTERVENTION IN LIEU OF CONVICTION MOTION AS A MATTER OF LAW."
 {¶ 5} In holding that Defendant is not eligible for intervention in lieu of conviction, the trial court stated:
 {¶ 6} "The Court FINDS that the defendant has been charged with illegal Processing of Drug documents, a violation of O.R.C. §2925.23(B)(1), a charge for which the Court, upon conviction, would impose sentence under division (C) of O.R.C. *Page 3 
§ 2929.13. Pursuant to O.R.C. § 2951.041(B)(3), the offender is eligible for Intervention in Lieu of Conviction only if she is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of O.R.C. § 2929.13. Based upon the foregoing, the Court FINDS that the defendant is ineligible for Intervention in Lieu of Conviction supervision."
 {¶ 7} The requirements for eligibility for intervention in lieu of conviction are set forth in R.C. 2951.041(B)(1)-(9). The particular eligibility requirement at issue in this case is R.C. 2951.041(B)(1):
 {¶ 8} "(B) An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
 {¶ 9} "(1) The offender previously has not been convicted of or pleaded guilty to a felony, previously has not been through intervention in lieu of conviction under this section or any similar regimen, and is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor."
 {¶ 10} R.C. 2929.13(B)(2)(b) sets forth the circumstances under which the trial court shall impose community control sanctions upon conviction for a felony of the fourth or fifth *Page 4 
degree:
 {¶ 11} "(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
 {¶ 12} Defendant argues that because she was eligible for community control sanctions upon conviction for a fifth degree felony violation of R.C. 2925.23(B)(1), she was also eligible for intervention in lieu of conviction and the trial court erred in holding otherwise. The State agrees with Defendant and has conceded error in its brief. We likewise agree that the trial court erred in holding that Defendant is ineligible for intervention in lieu of conviction.
 {¶ 13} In State v. Jamison (Mar. 16, 2001), Montgomery App. No. 18509, this court interpreted the eligibility requirement in R.C.2951.041(B)(1) and stated: *Page 5 
 {¶ 14} "We construe and interpret this particular requirement in R.C.2951.041(B)(1) to mean that the offender must be charged with a felony offense for which the court, upon conviction, would be permitted to impose community control sanctions. In other words, to be eligible for intervention in lieu of conviction, a Defendant must be charged with an offense for which community control sanctions are available. That was true in this case. Indeed, the court imposed community control sanctions upon the Defendant's conviction." Opinion at p. 5.
 {¶ 15} In discussing R.C. 2929.13(C), which by virtue of R.C.2925.23(F)(2) applies in this case in determining whether to impose a prison term, we further stated in Jamison:
 {¶ 16} "This provision does not prohibit the trial court from imposing community control sanctions. Rather, it merely states that in determining whether to impose a prison term as a penalty for a felony drug offense in violation of Chapter 2925 of the Revised Code, the trial court must comply with the purposes and principles of felony sentencing in R.C. 2929.11, and consider the various factors in R.C. 2929.12
relating to the seriousness of the offender's conduct and the likelihood of recidivism. These general provisions, R.C. 2929.11 and 2929.12, are exhortatory in nature, and they neither compel *Page 6 
the trial court to impose a term of imprisonment nor prohibit it from imposing community control sanctions. Rather, after consideration of these general factors, the trial court must exercise its discretion to determine what sentence to impose, including community control sanctions." Id. at p. 7.
 {¶ 17} Nothing in R.C. 2925.23(F)(2) or 2929.13(C) prohibits the trial court from imposing community control sanctions as a penalty for a fifth degree felony conviction for illegal processing of drug documents in violation of R.C. 2925.23(B)(1). In fact, that is the sentence the trial court imposed in this case. Because Defendant was charged in this case with an offense for which community control sanctions are available, Defendant was statutorily eligible for intervention in lieu of conviction, Jamison, and the trial court erred in holding otherwise.
 {¶ 18} The assignment of error is sustained. Defendant's conviction will be reversed and the case will be remanded to the trial court to determine, in the exercise of its sound discretion, whether to grant Defendant intervention in lieu of conviction pursuant to R.C. 2951.041.
 BROGAN, J. And FAIN, J., concur. *Page 1