OPINION
{¶ 1} Shayna Cohen appeals from her conviction and sentence following a no-contest plea to one count of illegal processing of drug documents in violation of R.C. 2925.23(B)(1), a fourth-degree felony.
 {¶ 2} In her sole assignment of error, Cohen contends the trial court erred in finding her ineligible for intervention in lieu of conviction ("ILC") under R.C. 2951.041. *Page 2 
 {¶ 3} The record reflects that Cohen moved for ILC following her indictment. The trial court overruled the motion, reasoning that she was ineligible for ILC under R.C. 2951.041(B)(1). It opined that the statute prohibits ILC if an offender is charged with an offense that would not result in a sentence being imposed under R.C. 2929.13(B)(2)(b). The trial court determined that the sentence for Cohen's offense would be imposed under R.C. 2929.13(C). Therefore, it declared her ineligible for ILC. Cohen then entered a no-contest plea and received five years of community control. This timely appeal followed.
 {¶ 4} Cohen contends the trial court's ruling is contrary to our opinion in State v. Jamison (March 16, 2001), Montgomery App. No. 18509. The State agrees that Jamison controls and that the trial court erred in following a conflicting Tenth District case, State v. Fritz, Franklin App. No. 04AP-63, 2004-Ohio-6129. Both parties urge us to reverse the trial court's judgment and to remand for the trial court to determine, in the exercise of its discretion, whether Cohen should receive ILC.
 {¶ 5} Upon review, we agree that Jamison controls and that the trial court erred in failing to follow it. The ILC statute contains a number of eligibility requirements. One of them, R.C. 2951.041(B)(1), states that an offender must be "charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code[.]" Division (B)(2)(b) provides for a trial court to impose community control for fourth and fifth-degree felonies under certain circumstances. In Jamison, we construed the eligibility requirement of R.C. 2951.041(B)(1) to mean "that the offender must be charged with a felony offense for which the court, upon conviction, would be permitted to impose community control sanctions."
 {¶ 6} The State argued in Jamison, however, that the defendant there was not *Page 3 
sentenced to community control under R.C. 2929.13(B)(2)(b), as required by the ILC statute. Instead, the State argued that the defendant, who had been charged with a drug offense, was sentenced to community control under R.C. 2929.13(C), which states:
 {¶ 7} "* * * [I]n determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of Chapter 2925 of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
 {¶ 8} In Jamison, we rejected the State's argument that a defendant who commits a felony drug offense in violation of R.C. Chapter 2925, and to whom the sentencing considerations of R.C. 2929.13(C) apply, is ineligible for ILC. We reasoned that the only relevant inquiry, for purposes of ILC eligibility, was whether the offender, upon conviction, would be eligible for community control. We recently reaffirmedJamison's analysis in State v. Hagler, Greene App. No. 06CA0144,2007-Ohio-6900, holding that a defendant charged with a drug offense for which community control was available was statutorily eligible for ILC.
 {¶ 9} In Fritz, the Tenth District disagreed with Jamison, reasoning:
 {¶ 10} "* * * In Jamison, the defendant was charged with one count of trafficking in cocaine, a violation of R.C. 2925.03(A), and requested intervention. The trial court ruled that Jamison was ineligible for intervention because R.C. 2925.03(C)(4)(a) required that sentence be imposed pursuant to R.C. 2929.13(C) — not 2929.13(B)(2)(b). See R.C. 2925.03(C)(4)(a). The Jamison court reversed, interpreting the eligibility requirement that the trial court would *Page 4 
the trial court would impose sentence under R.C. 2929.13(B)(2)(b) to mean that the offender must be charged with a felony offense for which the court would be permitted to impose community control sanctions — apparently, regardless of what statute authorized the imposition of community control. The Jamison court further reasoned that because neither R.C. 2925.03(C)(4)(a) nor R.C. 2929.13(C) prohibited the trial court from imposing community control sanctions, the defendant was eligible for intervention under R.C. 2951.041(B)(1). We respectfully disagree with this analysis.
 {¶ 11} "R.C. 2951.041(B)(1) expressly limits eligibility for intervention to those offenders charged with a fourth or fifth degree felony for which the court upon conviction, would impose sentence under division (B)(2)(b) of R.C. 2929.13. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply the rules of statutory interpretation. * * *
 {¶ 12} "R.C. 2951.041(B)(1) is plain and unambiguous and conveys a clear and definite meaning without the need of interpretation. The legislature chose to limit intervention to the class of offenders who would qualify for community control under the specific set of criteria set forth in R.C. 2929.13(B)(2)(b). It is not enough that community control is a sanction available to the trial court under another statutory provision.
 {¶ 13} "In the case at bar, the trial court would have imposed sentence pursuant to R.C. 2929.13(C) — not R.C. 2929.13(B)(2)(b). Accordingly, under the plain and unambiguous language of R.C. 2951.041(B)(1), appellee was not eligible for intervention."Fritz, supra, at ¶ 8-11.
 {¶ 14} In the present case, the trial court relied on Fritz to find Cohen ineligible for ILC. The trial court failed to acknowledge, however, that the Tenth District's ruling expressly *Page 5 
expressly conflicts with our opinion in Jamison. It also conflicts with our more recent ruling in Hagler. Under this court's precedent, which is binding on the Greene County Common Pleas Court, Cohen was eligible for ILC. She was charged with a fourth-degree felony drug offense under R.C. Chapter 2925, and she was eligible for community control. Therefore, she was eligible for ILC. Accordingly, we sustain Cohen's assignment of error.
 {¶ 15} The judgment of the Greene County Common Pleas Court is hereby reversed, and the cause is remanded for the trial court to determine, in the exercise of its discretion, whether to grant ILC.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
Stephen K. Haller
Elizabeth A. Ellis
Jeffrey D. Livingston
Hon. Stephen Wolaver *Page 1