The STATE of Ohio, Appellee,

v.

KNEPPER, Appellant.

[Cite as *State v. Knepper,* 184 Ohio App.3d 416, 2009-Ohio-5159.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24682.

Decided Sept. 30, 2009.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Michael T. Callahan, for appellant.

DICKINSON, Judge.

## INTRODUCTION

{¶ 1} Heather Knepper pleaded guilty to theft of drugs, illegal processing of drug documents, and aggravated possession of drugs for stealing morphine from

a hospital where she worked as a nurse. At her sentencing hearing, the state argued that she was not eligible for treatment in lieu of conviction because she committed the offenses while she was employed in a position of trust. The trial court disagreed and ordered her to a period of rehabilitation under R.C. 2951.041. The state has appealed, assigning as error that the court incorrectly granted Knepper's request for treatment in lieu of conviction because she held a position of trust and the offenses were related to her position. This court affirms for the same reasons it explained in *State v. Massien*, 9th Dist. No. 24369, 2009-Ohio-1521, 2009 WL 826410.

## POSITION OF TRUST

{¶ 2} Under R.C. 2951.041(A)(1), "[i]f an offender is charged with a criminal offense and the court has reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior, the court may accept, prior to the entry of a guilty plea, the offender's request for intervention in lieu of conviction." To be eligible for intervention in lieu of conviction, the court must find that the offender's situation meets nine requirements. R.C. 2951.041(B)(1) through (9). One of the requirements is that "[t]he offender * * * is charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code * * *." R.C. 2951.041(B)(1). R.C. 2929.13(B)(2)(b) sets forth the conditions under which a sentencing court can impose community control. One of the conditions is that the court has not found that any of the circumstances listed in R.C. 2929.13(B)(1)(a) through (i) apply. One of those circumstances, which would prevent the court from imposing community control, is that "[t]he offender held a public office or position of trust and the offense related to that office or position * * *." R.C. 2929.13(B)(1)(d).

{¶ 3} The state has argued that nurses with access to narcotic drugs occupy a position of trust and, therefore, are ineligible for intervention in lieu of conviction under R.C. 2951.041(A). This court recently considered the same issue in *Massien*, 2009-Ohio-1521, 2009 WL 826410, ¶ 4. A majority of the judges in that case concluded that the state's assignment of error should be overruled because "the legislature intended for nurses and other licensed medical professionals to be eligible for [intervention in lieu of conviction]." Id. at ¶ 19.

{¶ 4} The state has asked this court to overrule *Massien*. Indeed, a majority of the judges on this panel believe that it reached the wrong conclusion. In *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, the Supreme Court issued a directive that "[a]ppellate courts are duty-bound to resolve conflicts within their respective appellate districts through en banc proceedings." Id. at paragraph two of the syllabus. It has also written that until a procedural rule is

effective that dictates "the procedure for initiating and engaging in en banc review," "courts of appeals may adopt practices and procedures to facilitate en banc resolution of conflicting decisions." *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 20–21. Accordingly, instead of issuing an opinion that conflicts with another recent opinion by this court, this court has undertaken an informal en banc review of the issue raised in this case and *Massien* and has determined that *Massien* should remain the law of this district. See *State v. Holcomb*, 9th Dist. No. 24287, 2009-Ohio-3187, 2009 WL 1864759, ¶ 27–32 (Carr, J., concurring in judgment only) (describing a similar situation). This court notes that *Massien* is under review by the Ohio Supreme Court because it is in conflict with the Tenth District's decision *State v. France*, 10th Dist. No. 04AP–1124, 2006-Ohio-1204, 2006 WL 648858. *State v. Massien*, 122 Ohio St.3d 1453, 2009-Ohio-3131, 908 N.E.2d 944. The state's assignment of error is overruled.

## CONCLUSION

{¶ 5} The trial court correctly concluded that Knepper was eligible for intervention in lieu of conviction because, even though she works as a nurse at a hospital, she does not occupy a position of trust as that term is used in R.C. 2929.13(B)(1)(d). The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

MOORE, P.J., concurs in judgment only.

CARR, J., dissents.

MOORE, Presiding Judge, concurring in judgment only.

{¶ 6} While I am persuaded by the reasoning expressed by Judge Carr in her dissent in *State v. Massien*, 9th Dist. No. 24369, 2009-Ohio-1521, 2009 WL 826410, and convinced that the plain language of R.C. 2929.13(B)(1)(d) compels us to reverse the trial court, on the basis of stare decisis, I concur in the judgment of the court.

CARR, Judge, dissenting.

{¶ 7} I respectfully dissent for the reasons I articulated in *State v. Massien*, 9th Dist. No. 24369, 2009-Ohio-1521, 2009 WL 826410 (Carr, J., dissenting).