THE STATE OF OHIO, APPELLANT, *v*. MASSIEN, APPELLEE.

[Cite as *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864.]

*Criminal law — Intervention in lieu of conviction — R.C. 2929.13(B)(1)(d) —*
*"Position of trust."*

(No. 2009-0825 — Submitted January 12, 2010 — Decided May 5, 2010.)

CERTIFIED by the Court of Appeals for Summit County, No. 24369,
2009-Ohio-1521.

_____

SYLLABUS OF THE COURT

1. A person holding a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d) is not limited solely to public officials and public servants.

2. A private individual holds a "position of trust" within the meaning of R.C. 2929.13(B)(1)(d) if he or she occupies a special relationship of trust and confidence equivalent to a fiduciary relationship.

3. A nurse, by virtue of his or her employment in a hospital, does not occupy a fiduciary relationship with his or her employer.

4. A nurse who steals drugs from his or her employer-hospital does not hold a "position of trust" within the meaning of R.C. 2929.13(B)(1)(d) and is not categorically ineligible for intervention in lieu of conviction.

_____

O'CONNOR, J.

{¶ 1} We are called upon solely to determine whether a nurse employed by a hospital who in the course of his or her employment steals drugs from his or her employer holds a "position of trust" within the meaning of R.C. 2929.13(B)(1)(d). An offender who occupies a "position of trust" within the

meaning of R.C. 2929.13(B)(1)(d) and whose offense relates to that position is ineligible to be sentenced under R.C. 2929.13(B)(2)(b) and does not meet the requirements for intervention in lieu of conviction pursuant to R.C. 2951.041(B)(1).

{¶ 2} A person holding a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d) is not limited to public officials and public servants. However, it also does not apply to all positions of trust held by private individuals. Rather, a private individual holds a position of trust only if he or she occupies a special relationship of trust and confidence equivalent to a fiduciary relationship. A nurse, by virtue of his or her employment in a hospital, does not occupy a fiduciary relationship with his or her employer. Therefore, a nurse who steals drugs from his or her employer-hospital does not hold a position of trust within the meaning of R.C. 2929.13(B)(1)(d) and is not categorically ineligible for intervention in lieu of conviction.

### Relevant Background

{¶ 3} On May 16, 2008, appellee, Sally Massien, was indicted on two counts of theft of drugs, in violation of R.C. 2913.02(A)(1)(2), felonies of the fourth degree. The state alleged that Massien stole morphine in the course of her employment as a nurse at a hospital in the Summa Health System by signing the drugs out under a patient's identification number. Massien initially pleaded not guilty but subsequently moved for intervention in lieu of conviction ("ILC"). The state opposed Massien's motion for ILC, arguing that as a nurse who stole drugs from the hospital in which she was employed, Massien occupied a "position of trust," could not be sentenced under R.C. 2929.13(B)(2)(b), and was ineligible for ILC pursuant to R.C. 2951.041(B)(1).

{¶ 4} In July 2008, the trial court held a hearing and determined that Massien was eligible for ILC. As required by the ILC statute, Massien retracted

her initial plea and pleaded guilty to the charges. The court ordered Massien to one year of rehabilitation.[1]

**{¶ 5}** The state appealed the trial court's decision granting Massien ILC to the Ninth District Court of Appeals, which affirmed the trial court and held that Massien did not occupy a position of trust by virtue of her position as a nurse at the hospital from which she stole the drugs. *State v. Massien*, Summit App. No. 24369, 2009-Ohio-1521, ¶ 17–19. The state moved the Ninth District to certify a conflict between its decision in this case and the Tenth District's decision in *State v. France*, Franklin App. No. 04AP-1124, 2006-Ohio-1204. In *France*, the Tenth District held that a nurse entrusted with the care of and duty to dispense highly regulated substances indicted for theft of narcotics in the course of her employment at a hospital occupied a position of trust that related to the offense and was not eligible for ILC. Id. at ¶ 11–12.

**{¶ 6}** The Ninth District granted the state's motion and certified the following issue: "Whether a nurse employed by a hospital who in the course of her employment steals drugs from the hospital holds a 'position of trust' under R.C. 2929.13(B)(1)(d) thus making the nurse ineligible for intervention in lieu of conviction." On review of the order certifying a conflict, we determined that a conflict exists between the Ninth and Tenth Districts and accepted jurisdiction to resolve the conflict. 122 Ohio St.3d 1453, 2009-Ohio-3131, 908 N.E.2d 944.

**Analysis**

---

1. In their briefs, both parties note that after this court recognized the certified conflict, but before the order was filed with the trial court, the trial court sealed Massien's record, finding that she had successfully completed ILC. However, even if Massien's completion of ILC renders the issue moot with regard to this case, the issue before the court involves a matter of great general interest, as is evidenced by the fact that the court accepted jurisdiction over the same issue in *State v. Knepper*, No. 2009-1838, 124 Ohio St.3d 1441, 2010-Ohio-188, 920 N.E.2d 372, and *State v. Hall*, No. 2009-2149, 124 Ohio St.3d 1473, 2010-Ohio-354, 921 N.E.2d 245, both of which are held in abeyance for a decision in this case. Because a matter of great general interest remains, we may proceed to resolve the issue in this case. *Franchise Developers, Inc. v. Cincinnati* (1987)*, 30 Ohio St.3d 28, 31, 30 OBR 33, 505 N.E.2d 966.

*Felony-Sentencing Considerations*

**{¶ 7}** In enacting the felony-sentencing guidelines, the General Assembly declared: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

**{¶ 8}** Consistent with the sentencing principles set forth in R.C. 2929.11, R.C. 2929.13(B)(1)(a) through (i) set forth nine factors that a trial court must consider in sentencing an offender for fourth- and fifth-degree felonies. If a trial court does not make any of the findings in R.C. 2929.13(B)(1)(a) through (i), then an offender is sentenced pursuant to R.C. 2929.13(B)(2)(b), and if the court considers it appropriate, community control is the default sentence (except for those offenses identified as mandatory-prison offenses). *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 68. "R.C. 2929.13(B) creates a preference for (but not a presumption in favor of) community control (formerly probation) for lower-level felonies." Id. at ¶ 43. However, if the trial court makes any of the findings set forth in R.C. 2929.13(B)(1)(a) through (i), then an offender is sentenced under R.C. 2929.13(B)(2)(a). After considering the seriousness and recidivism factors set forth in R.C. 2929.12, if the court finds that a prison term is consistent with the principles and purposes of felony sentencing and that an offender is not amenable to community control, then the court shall impose a

prison term upon the offender. Thus, although it does not preclude the imposition of community-control sanctions, a finding of any of the factors set forth in R.C. 2929.13(B)(1)(a) through (i) weighs against the preference for community control and may justify incarceration.

*Intervention in Lieu of Conviction*

{¶ 9} ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1). If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E). If the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction. R.C. 2951.041(F).

{¶ 10} "In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime." *State v. Shoaf* (2000), 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (referring to a previous, but similar, version of R.C. 2951.041). R.C. 2951.041 is not limited to offenders

charged with drug offenses. Rather, any offender charged with any qualifying offense may be eligible for ILC so long as the trial court has "reason to believe that drug or alcohol usage by the offender was a factor leading to the offender's criminal behavior." R.C. 2951.041(A)(1). ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Ingram*, Cuyahoga App. No. 84925, 2005-Ohio-1967, ¶ 13.

{¶ 11} R.C. 2951.041(B) lists the criteria that a criminal defendant must meet to be eligible for ILC. "If an offender satisfies all of the statutory eligibility requirements for intervention, the trial court has discretion to determine whether a particular offender is a good candidate for intervention." *State v. Geraci*, Franklin App. No. 04AP-26, 2004-Ohio-6128, ¶ 5. Among other requirements, to be eligible for ILC an offender must be "charged with a felony for which the court, upon conviction, would impose sentence under division (B)(2)(b) of section 2929.13 of the Revised Code or with a misdemeanor." R.C. 2951.041(B)(1).

*R.C. 2929.13(B)(1)(d)*

{¶ 12} One sentencing factor that a trial court must consider pursuant to R.C. 2929.13(B)(1)(d) is whether "[t]he offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others."

{¶ 13} The state argues that Massien, as a nurse employed at a hospital who had access to highly regulated drugs, held a "position of trust" under R.C. 2929.13(B)(1)(d). The state further contends that as an offender who held a position of trust and whose offense related to that position, Massien cannot be sentenced under R.C. 2929.13(B)(2)(b) and is ineligible for ILC. Contrary to the state's argument, the court of appeals held that the legislature intended the phrase

"position of trust" to apply predominantly to an offender's public standing and, in limited circumstances, to private professionals traditionally thought to have a special relationship of trust between themselves and their victims. 2009-Ohio-1521, at ¶ 16–17. The court of appeals concluded that because Massien was a private individual who, as a nurse, did not occupy a "special relationship of trust" with her hospital employer, she did not hold a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d). Id. at ¶ 16.

*The Phrase "Position of Trust" Is Ambiguous*

{¶ 14} R.C. 2929.13 does not define "position of trust," nor is the phrase defined elsewhere in the Revised Code. Appellate courts' attempts to construe the phrase have resulted in conflicting interpretations. On one hand, a number of appellate courts have held that virtually any public or private individual whose offense relates to a breach of any trust occupies a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d). See, e.g., *State v. Johnson* (Dec. 8, 2000), Crawford App. Nos. 3-2000-15 and 3-2000-16, 2000 WL 1806505, at *7 (holding that a college student entrusted with school property who stole the property occupied a position of trust within the meaning of R.C. 2929.13(B)(1)(d)); *State v. Hall* (2000), 137 Ohio App.3d 666, 668, 739 N.E.2d 846 (10th Dist.) (holding that a parent who failed to pay child support held a position of trust with respect to the child); *State v. Painter* (Mar. 29, 2002), Ashtabula App. No. 2000-A-0093, 2002 WL 479834, at *4 (holding that the mother of minor children who failed to pay child support occupied a position of trust); *State v. Bolin* (Jan. 12, 1998), Clermont App. No. CA97-06-056, 1998 WL 8683, at *2 (holding that a delivery driver entrusted with others' property occupied a position of trust).

{¶ 15} On the other hand, in *State v. Jones,* the Second District held that R.C. 2929.13(B)(1)(d) applies only to public officials and public servants and does not apply to private individuals. S*tate v. Jones* (Nov. 13, 1998), Greene App. No. 98CA009, 1998 WL 864761, at *2. In *State v. Hall*, Montgomery App.

No. 22901, 2009-Ohio-6016, the Second District applied *Jones,* holding that a nurse employed at a hospital was a private individual, could not hold a "position of trust" under R.C. 2929.13(B)(1)(d), and was not categorically ineligible for ILC.[2]

{¶ 16} The First District adopted a third approach, noting that "unrestrained application of the phrase to every breach of ethical, moral, or filial duty by a private individual may distort the purpose of the new sentencing guidelines." *State v. Brewer* (Nov. 24, 2000), Hamilton App. No. C-000148, 2000 WL 1732335, at *2. Consistent with the purposes and principles of felony sentencing, the First District held that the phrase "position of trust" under R.C. 2929.13(B)(1)(d) applies only to private individuals in professions "traditionally thought to invoke a special relationship of trust – such as doctor, lawyer or accountant." *State v. Condon*, 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, ¶ 104. In holding that the statutory phrase applies only to those private individuals who occupy a "special relationship of trust," the First District adopted the standard used for determining whether a fiduciary relationship exists and equated a "position of trust" under R.C. 2929.13(B)(1)(d) to a fiduciary relationship. See, e.g., *In re Termination of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 321 N.E.2d 603 (defining a fiduciary relationship as one in which "special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust"). The Seventh District adopted a similar standard, holding that although the phrase does not apply to "garden-variety theft" offenses, a family friend and personal secretary who embezzled from her boss occupied a position of trust because of her "special position with respect to the victim." *State v. Boland* (2002), 147 Ohio App.3d 151, 160, 768 N.E.2d 1250 (analogizing R.C.

---

2. This court accepted jurisdiction over the state's appeal in *State v. Hall*, No. 2009-2149, which is held pending our decision in this case. 124 Ohio St.3d 1473, 2010-Ohio-354, 921 N.E.2d 245.

2929.13(B)(1)(d) with the federal sentencing guidelines' commentary relating to positions of "public or private trust").

**{¶ 17}** In this case, the Ninth District essentially adopted the First District's limited interpretation of R.C. 2929.13(B)(1)(d), treating the phrase "position of trust" as meaning a fiduciary relationship and holding that the phrase applies only to public officials and private professionals whose positions are " 'traditionally thought to invoke a special relationship of trust' between the professional-offender and the victim." 2009-Ohio-1521, ¶ 16, quoting *Condon*, 152 Ohio App.3d 629, 2003-Ohio-2335, 789 N.E.2d 696, ¶ 104.[3]

**{¶ 18}** "When a statute is subject to varying interpretations, it is ambiguous and we must construe it in a manner that carries out the intent of the General Assembly." *Sheet Metal Workers' Internatl. Assn., Local Union No. 33 v. Gene's Refrigeration, Heating & Air Conditioning, Inc.*, 122 Ohio St.3d 248, 2009-Ohio-2747, 910 N.E.2d 444, ¶ 29. In construing an ambiguous statute, among other considerations, we look to the language of the statute, the circumstances under which the statute was enacted, and the consequences of a particular construction. Id. Having considered the language of R.C. 2929.13(B)(1)(d) as a whole, the overarching felony-sentencing purposes and principles, and the conflicting analyses employed by the district courts, for the reasons set forth below, we believe that the First District's interpretation equating a position of trust to a fiduciary relationship is consistent with the legislature's intent in enacting R.C. 2929.13(B)(1)(d).

*A "Position of Trust" Under R.C. 2929.13(B)(1)(d)*

*Is Not Limited to Public Officials*

---

3. After an informal en banc review, the Ninth District reaffirmed the position it had taken in this case, holding that a nurse employed in a hospital does not occupy a "position of trust" under R.C. 2929.13(B)(1)(d). *State v. Knepper*, 184 Ohio App.3d 416, 2009-Ohio-5159, 921 N.E.2d 284, ¶ 4. This court accepted jurisdiction over the state's appeal in *State v. Knepper*, No. 2009-1838, which is held pending our decision in this case. 124 Ohio St.3d 1441, 2010-Ohio-188, 920 N.E.2d 372.

{¶ 19} R.C. 2929.13(B)(1)(d) requires trial courts to consider whether "[t]he offender held a public office *or* position of trust." (Emphasis added.) The statutory language does not illustrate a legislative intent to limit application of the section exclusively to public officials or public servants. Rather, "the legislature's use of the word 'or' instead of 'and' in the context of this provision suggests that the provision was intended to apply to both public and private individuals." *State v. Boland* (2002), 147 Ohio App.3d at 158, 768 N.E.2d 1250. If the legislature intended the phrase "position of trust" to apply only to public officials or public servants, it would have specified as much in the statutory language. Indeed, the General Assembly did precisely that in the preceding statutory section, R.C. 2929.12(B)(3), identifying as one of the seriousness factors that trial courts must consider whether the offender "held a public office or *position of trust in the community*" and the offense related to that office or position. (Emphasis added.)

{¶ 20} By including the phrase "position of trust in the community," the legislature reveals its intent that R.C. 2929.12(B)(3) apply only to public officials and other community leaders. *State v. Radcliff* (Mar. 17, 1998), Franklin App. Nos. 97APA08-1054 and 97APA08-1056, 1998 WL 120304, at *4. Accord *State v. Lamb*, Wood App. No. WD-03-054, 2004-Ohio-1974, ¶ 21 (holding that R.C. 2929.12(B)(3) "refers to a position of trust in the community, not the household"). In contrast to its express limitation of R.C. 2929.12(B)(3), the legislature did not include any language in R.C. 2929.13(B)(1)(d) to signal an intent to limit application of the phrase "position of trust" to public officials and public servants.

*The Phrase "Position of Trust" Applies to Private Individuals*

*Who Occupy Fiduciary Relationships*

{¶ 21} By including the phrase "position of trust" in R.C. 2929.13(B)(1)(d) without limitation, the General Assembly evidenced its intent not to limit its application to public officials. However, we do not believe that the

10

legislature intended the phrase to apply to all individuals who breach any private expectation of trust.  An unrestrained application of the phrase "position of trust" to "every breach of ethical, moral, or filial duty by a private individual" is not consistent with the sentencing principles set forth by the General Assembly, *State v. Brewer* (Nov. 24, 2000), Hamilton App. No. C-000148, 2000 WL 1732335, at *2, or with the language of R.C. 2929.13(B)(1) as a whole.

{¶ 22} The language of R.C. 2929.13(B)(1) as a whole illustrates that the General Assembly intended a narrow application of the phrase "position of trust." The section sets forth nine sentencing factors that a trial court must consider in sentencing an offender for a fourth- or fifth-degree felony:

{¶ 23} "(a) In committing the offense, the offender caused physical harm to a person.

{¶ 24} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

{¶ 25} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

{¶ 26} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

{¶ 27} "(e) The offender committed the offense for hire or as part of an organized criminal activity.

{¶ 28} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of [certain enumerated statutes].

{¶ 29} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

{¶ 30} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 31} "(i) The offender committed the offense while in possession of a firearm."

{¶ 32} Each sentencing factor crafted by the legislature applies to a narrow aggravating circumstance that may justify the imposition of a prison sentence rather than the preferred community control for fourth- and fifth-degree felonies. Each sentencing factor involves a specific, well-defined circumstance. In the same vein, R.C. 2929.12(B)(1)(d) identifies three distinct factors: (1) that the offender held a public office or position of trust and the offense related to that office or position, (2) that the offender's position obliged the offender to prevent the offense or to bring those committing it to justice, or (3) that the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others. Like the other sentencing factors set forth in R.C. 2929.12(B)(1), each factor under R.C. 2929.12(B)(1)(d) applies only in a specific and limited circumstance.

{¶ 33} Interpreting "position of trust" so broadly as to eliminate the preference for community control and render an offender categorically ineligible for ILC based upon a finding that the offender, as a private individual, breached any moral, ethical, or filial duty is not consistent with the remaining sentencing factors in R.C. 2929.13(B)(1) or the specific findings in (B)(1)(d). Further, that interpretation is not consistent with the overarching sentencing principles, which require sentencing courts to consider the need for rehabilitating offenders. R.C. 2929.11(A).

{¶ 34} Given the narrow application of the sentencing factors identified in R.C. 2929.13(B)(1) and (B)(1)(d), the presumption of community control for fourth- and fifth-degree felonies set forth in R.C. 2929.13(B)(2)(b), and the

overarching felony-sentencing principles, we believe that the General Assembly intended a limited application of the phrase "position of trust" in R.C. 2929.13(B)(1)(d). Limiting the application of the section to private individuals who occupy a special relationship of trust and confidence equivalent to a fiduciary relationship and whose offense relates to that fiduciary relationship prevents the disqualification of persons who are not clearly meant to be excluded from ILC. Indeed, the state agrees and asks the court to apply this "special relationship" standard. Thus, we turn to whether Massien occupied a special relationship of trust and confidence equivalent to a fiduciary relationship as a result of her employment as a nurse.

*A Nurse Employed in a Hospital Is Not a Fiduciary of His or Her Employer*

{¶ 35} " 'A "fiduciary relationship" is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' " *Stone v. Davis* (1981), 66 Ohio St.2d 74, 78, 20 O.O.3d 64, 419 N.E.2d 1094, quoting *In re Termination of Pratt*, 40 Ohio St.2d at 115, 69 O.O.2d 512, 321 N.E.2d 603. "A 'fiduciary' has been defined as '"a person having a duty, created by his undertaking, to act *primarily for the benefit of another* in matters connected with his undertaking."' " (Emphasis sic.) *Strock v. Pressnell* (1988), 38 Ohio St.3d 207, 216, 527 N.E.2d 1235, quoting *Haluka v. Baker* (1941), 66 Ohio App. 308, 312, 20 O.O. 136, 34 N.E.2d 68, quoting 1 Restatement of the Law, Agency (1933), Section 13, Comment a. "A fiduciary relationship need not be created by contract; it may arise out of an informal relationship where both parties understand that a special trust or confidence has been reposed." *Stone*, 66 Ohio St.2d at 78.

{¶ 36} The record does not establish that Massien breached a duty of trust to any patient or that any patient was harmed as a result of her actions. Rather, because the alleged "position of trust" is born of Massien's employment with the

13

victim of the thefts, Summa Health System, to determine whether Massien occupied a "position of trust," we must determine whether she was a fiduciary of Summa Health System by virtue of her position as a nurse. Absent specific proof to the contrary, we hold that the relationship between a nurse employed by a hospital and the hospital in which he or she is employed is simply that of an employee and employer, not a fiduciary relationship.

**{¶ 37}** Although some employees may have fiduciary relationships with their employers, "[n]ot all employees are fiduciaries." *Laurel Valley Oil Co. v. 76 Lubricants Co.*, 154 Ohio App.3d 512, 2003-Ohio-5163, 797 N.E.2d 1033, ¶ 40. A fiduciary relationship requires " 'more than the ordinary relationship of employer and employee.' " *State ex rel. Charlton v. Corrigan* (1988), 36 Ohio St.3d 68, 71, 521 N.E.2d 804, quoting *In re Termination,* 40 Ohio St.2d at 114, 69 O.O.2d 512, 321 N.E.2d 603.[4] In determining whether a fiduciary relationship exists between an employee and employer, "emphasis should be placed upon whether the assigned job duties require, as essential qualifications over and above technical competency requirements, a high degree of trust, confidence, reliance, integrity and fidelity." *Charlton* at syllabus. Job duties that require a great degree of discretion support the existence of a fiduciary relationship, whereas assigned duties of a routine character do not involve the degree of discretion or trust necessary to be considered a fiduciary. Id. at 71-73. A further consideration involves whether the employee's responsibility includes "daily discretionary decisions" affecting persons served by the employer that require the employee to be "of higher than normal reliability." Id. at 73.

---

4. *Charlton* involved a determination of whether county treasurer employees were "fiduciary employees" and were exempt from the civil service laws under R.C. 124.11(A)(9). However, the analysis regarding whether employees are fiduciaries of their employer is equally applicable in a private employment relationship.

{¶ 38} Nurses are persons of "superior knowledge and skill," who have a duty to their patients to employ the degree of care, skill, and diligence that a nurse of ordinary care should employ in like circumstances. *Berdyck v. Shinde* (1993), 66 Ohio St.3d 573, 613 N.E.2d 1014, at paragraph three of the syllabus. However, the duty of care imposed by law on a nurse toward his or her patients does not create a fiduciary relationship between the nurse and his or her employer-hospital.

{¶ 39} Further, a nurse's job duties are not sufficiently discretionary to transform the relationship with his or her employer-hospital into a fiduciary relationship. "The practice of medicine, which includes the diagnosis of an adverse health condition and the prescription of a course of treatment for its management and care, is limited by law to licensed physicians." Id. at 579. "Because they are prohibited from practicing medicine, hospitals and nurses cannot pass on the efficacy of a course of treatment." Id. at 580. Rather, nurses employed by hospitals assist physicians in their treatment of the patient and " 'keep the attending physician informed of a patient's condition so as to permit the physician to make a proper diagnosis of and devise a plan of treatment for the patient.' " Id. at 580, quoting *Albain v. Flower Hosp.* (1990), 50 Ohio St.3d 251, 259, 553 N.E.2d 1038. "The law imposes on the physician the exclusive duty to diagnose the patient's adverse health condition and to prescribe a course of treatment for its management and care. Nurse practitioners employed by a hospital to which the patient is admitted by an attending physician are under a duty to support that process." Id. at 583.

{¶ 40} A nurse occupies a necessary and important supportive role in caring for patients and administering medication. However, as is illustrated by the respective duties of nurses and physicians, discretion relating to the diagnosis and treatment of a patient is statutorily in the hands of the physician, not the nurse. A nurse employed by a hospital does not occupy a position of discretion

and, therefore, does not occupy a fiduciary relationship. Because a nurse is not a fiduciary by virtue of his or her employment with a hospital, he or she does not occupy a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d). Therefore, a nurse who steals drugs from the hospital in which he or she is employed is not categorically ineligible for ILC by virtue of his or her employment.

### Conclusion

{¶ 41} Although a "position of trust" for the purpose of R.C. 2929.13(B)(1)(d) is not limited to public officials and public servants, it does not include all positions of trust held by a private individual. Rather, a private individual holds a "position of trust" if he or she occupies a special relationship of trust and confidence equivalent to a fiduciary relationship. Although a nurse employed by a hospital has a necessary and important supportive role in caring for patients and administering medication, discretionary duties regarding diagnosis and treatment of patients are statutorily in the hands of physicians, not nurses. Consequently, Massien does not occupy a fiduciary relationship with Summa Health System by virtue of her employment as a nurse, does not hold a "position of trust" under R.C. 2929.13(B)(1)(d), and is not categorically ineligible for ILC. Accordingly, we answer the certified question in the negative.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

BROWN, C.J., not participating.

_____

**CUPP, J., concurring in judgment only.**

{¶ 42} I concur in the judgment; however, my reading of the statute at issue yields a different meaning from that of the majority.

**{¶ 43}** In my view, the phrase "position of trust" for purposes of R.C. 2929.13(B)(1)(d) is limited to public officials, public servants, and those holding public "positions of trust." The statute, R.C. 2929.13(B)(1)(d), provides:

**{¶ 44}** "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:

**{¶ 45}** "* * *

**{¶ 46}** "(d) *The offender held a public office or position of trust and the offense related to that office or position*; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others." (Emphasis added.)

**{¶ 47}** R.C. 2929.13(B)(1)(d) addresses three situations. It is the first category that is at issue in this case:[5] offenders who "held a public office or position of trust and the offense related to that office or position." The statute uses the phrase "a public office or position of trust," indicating that the "office" and the "position of trust" are both of a public nature. In this regard, the article "a" operates as a grammatical signal that both "office" and "position of trust" are parallel terms modified by "public." If "position of trust" had not been intended by the legislative drafters to be modified by "public," the article "a" would have appeared not only before "public" but also before "position of trust." The construction of the statute makes sense because a public position of trust does not have to be an office to fall within the statute's ambit. Consequently, I do not believe that positions of trust held by private individuals that are not positions in the nature of a public trust are included within the first category listed in R.C.

---

5. The third category in R.C. 2929.13(B)(1)(d), that "the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others," would appear to be implicated by Massien's situation, but this is not the category of the statute upon which the state relies.

2929.13(B)(1)(d). Instead, situations involving a private position of trust, like the one in the present case, could well fall within the third category included in the statutory list, that "the offender's professional reputation or position facilitated the offense."

{¶ 48} I do not share the majority's view that reference to offenders who "held a public office or position of trust *in the community*" in R.C. 2929.12(B)(3), a different statutory section, shows that the lack of the phrase "in the community" in R.C. 2929.13(B)(1)(d) implies a broader meaning of "position of trust" in the latter statute. The phrase "position of trust" appears in two separate statutory sections (R.C. 2929.12 and 2929.13). The wording of the two statutes, while similar, does not establish that R.C. 2929.13(B)(1)(d) also applies to private fiduciary relationships as well as public positions of trust. To so hold is to afford R.C. 2929.13(B)(1)(d) a much broader scope than R.C. 2929.12(B)(3).

{¶ 49} The majority acknowledges that R.C. 2929.13(B)(1)(d) does not evince an intention by the General Assembly to sweep all positions of trust held by private individuals into the "position of trust" category in R.C. 2929.13(B)(1)(d). However, the majority then puts its own limitation on the category of "positions of trust" held by private individuals. The majority holds that only those who hold a position akin to a fiduciary relationship are within the "position of trust" category. But the majority's limitation is not expressed in the language of the statute and thus takes an unwarranted creative pen to the actual words used by the legislature. The more natural reading of the language of R.C. 2929.13(B)(1)(d) is one, in my view, in which both "office" and "position of trust" are limited by the word "public."

{¶ 50} When R.C. 2929.13(B)(1)(d) is construed to apply only to public offices and public positions of trust, it is unnecessary to consider, as the majority does, whether a private individual holds a "special relationship of trust and confidence equivalent to a fiduciary relationship." Whether or not Massien held a

fiduciary relationship to her employer, the hospital, is not determinative of the question whether R.C. 2929.13(B)(1)(d) covers Massien's situation.

{¶ 51} Because Massien did not hold a public office or position of trust, she is not within the first category of R.C. 2929.13(B)(1)(d) and thus was not statutorily ineligible for intervention in lieu of conviction on that basis. For this reason, I concur in the judgment affirming the decision of the court of appeals.

_____

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Brouse Law Office and Karen H. Brouse, for appellee.

_____