O’Donnell, J.,
concurring.
{¶ 26} I concur in the majority’s holding that R.C. 2951.041(E) confers discretion upon courts to seal the records of defendants who successfully complete intervention in lieu of conviction, permitting those courts to decide whether to impose the restrictions and limitations contained in R.C. 2953.31 through 2953.36.
{¶ 27} I further agree that defendants can apply for the sealing of records pursuant to R.C. 2951.041(E) once the trial court journalizes an entry that dismisses the pending charges and terminates the case.
{¶ 28} I concur in the majority’s judgment and write separately only to reinforce the majority’s determination that a conviction is required to trigger the application of R.C. 2953.31 through 2953.36.
{¶ 29} Intervention in lieu of conviction provides first offenders with the opportunity to obtain treatment for chemical dependency without any criminal sanction and shows that the General Assembly recognizes that treatment can be “ ‘more beneficial to the individual and the community as a whole’ ” because it treats “ ‘the cause rather than punish[es] the crime.’ ” State v. Massien, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶ 10, quoting State v. Shoaf, 140 Ohio App.3d 75, 77, 746 N.E.2d 674 (10th Dist.2000).
{¶ 30} Dispositive of the issue presented in this appeal is the language of R.C. 2951.041(E):
Successful completion of the intervention plan and period of abstinence under this section shall be without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law and upon conviction of a crime, and the court may order the sealing of records related to the offense in question in the manner provided in sections 2953.31 to 2953.36 of the Revised Code.
*423 David P. Fornshell, Warren County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.
(Emphasis added.)
{¶ 31} R.C. 2953.31 through 2953.36 relate to sealing a record of conviction. R.C. 2953.32 sets forth the method by which a trial court may seal the record of conviction for an individual who is a “first offender,” which R.C. 2953.31(A) defines as one “who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction.” Applications to seal records pursuant to R.C. 2953.32 are subject to a prescribed waiting period. R.C. 2953.52(A)(1) governs the sealing of records following a finding of not guilty or the dismissal of a complaint, indictment, or information and imposes no waiting period.
{¶ 32} By its express terms, R.C. 2953.32 applies only to those individuals who have been convicted of a criminal offense. The purpose of successful completion of an intervention plan is to avoid conviction; the pending charges are dismissed and the matter is adjudicated without a finding of guilt. In my view, because the successful completion of an intervention plan prevents a criminal conviction, R.C. 2953.32 does not apply to the sealing of those records.
{¶ 33} The reference in R.C. 2951.041(E) to R.C. 2953.31 through 2953.36 indicates that the General Assembly intended for courts to have discretion in sealing the records of an individual who successfully completes an intervention plan: a court may do so according to the manner provided in either R.C. 2953.32, by imposing a waiting period before a defendant may move for an order to seal, or R.C. 2953.52, by allowing a defendant to apply for an order to seal at any time after dismissal. But the court is not required to impose R.C. 2953.32’s waiting period, because there has been no conviction. This construction gives effect to the intent of the legislature, while a contrary determination thwarts the very purposes for which the legislature created intervention in lieu of conviction.
{¶ 34} Accordingly, the trial court had no duty to follow R.C. 2953.32 in sealing the records of Niesen-Pennycuff because R.C. 2951.041(E) did not mandate sealing pursuant to that statute and because she did not have a conviction that otherwise triggered R.C. 2953.32.
{¶ 35} For these reasons, I concur in the judgment reversing the judgment of the court of appeals.
*424 Rittgers & Rittgers and Nicholas D. Graman, for appellant.