[Cite as *State v. Sanders*, 2022-Ohio-3906.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30179 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MAXINE ANN SANDERS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 21 03 1052 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2022

SUTTON, Judge.

{¶1} Defendant-Appellant, Maxine Ann Sanders, appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court reverses.

I.

**Relevant Background**

{¶2} In March 2021, Ms. Sanders was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A)/R.C. 2925.11(C)(4), a felony of the fifth degree. At her arraignment, Ms. Sanders pleaded not guilty and the trial court set a new signature bond in the amount $5,000.00. Ms. Sanders, through counsel, also filed motions requesting intervention in lieu of conviction and for a Turning Point, Track 1 screening to be scheduled.[1] The trial court, in response to these motions, ordered as follows:

---

[1] The Turning Point Program is a special court in the Summit County Court of Common Pleas responsible for handling cases involving drug-using/abusing, non-violent offenders, through

Upon the request of [Ms. Sanders] and to aid the offender in establishing eligibility for the Intervention in Lieu of Conviction Program, the [c]ourt refers [Ms. Sanders] for assessment concerning chemical dependency to Greenleaf Family Services.

Greenleaf personnel shall be permitted to enter the Summit County Jail to conduct said assessment.

[Ms. Sanders] shall call for an assessment at the Greenleaf Family Center office, at 330-643-4895, which is scheduled for **May 17, 2021[,] at 11:00 a.m.**

**[Ms. Sanders] shall be screened for Track 1 of the Turning Point Program**.

(Emphasis in the original.)

{¶3} On May 27, 2021, the trial court continued the pretrial in this matter "to allow the intervention in lieu of conviction evaluation to be complete." The trial court also indicated Ms. Sanders' counsel was permitted to withdraw and appointed another attorney to this matter. On July 7, 2021, Ms. Sanders' newly appointed counsel also filed a motion requesting intervention in lieu of conviction on Ms. Sanders' behalf. In the motion, Ms. Sanders submitted she is "eligible for intervention pursuant to statute."

{¶4} The trial court, on September 8, 2021, held a hearing via video conference on Ms. Sanders' request for intervention in lieu of conviction. At the hearing, Ms. Sanders' counsel made the following argument:

\* \* \*

Under the new statute, and even the old, last revision, *the burden demonstrating intervention eligibility is on [Ms. Sanders]* and we are here to do that today.

[Ms. Sanders], under the statute, is currently eligible. If you look at her record, she has no felony offense and she is not charged with a felony of violence today.

So when we look at the underpinnings and the goal of intervention, the point of the matter is to move away from sentencing and to move into treatment.

---

immediate comprehensive supervision, drug testing, and treatment services, as well as immediate sanctions and incentives.

So under the current statute, the law requires that the [c]ourt [make] a presumption that the individual is eligible. So under [s]ubsection [C], the statute says that if the [c]ourt finds that the applicant is eligible, it is the presumption that the [c]ourt shall grant intervention. The [c]ourt shall presume that intervention in lieu of conviction is appropriate.

In this instance, that presumption should hold. There is no reason that, in my humble opinion -- and reason [] a denial should be [issued].

Indeed, the statute requires that if the [c]ourt denies an eligible offender's request for intervention, then the [c]ourt shall state the reasons for the denial with particularity and a written entry. And that's, of course, for appellate review.

So when we look at Ms. Sanders, Ms. Sanders has certain limitations in her abilities. Although she has been very attentive to me, sometimes her understanding is a little less.

While in the same breath, if you look at the needs here, when she was detained, first of all, she was extremely cooperative with the police.

Second of all, she made statements -- at least what we have from discovery -- to the police, relative to her situation. Really acknowledging and stating that she has a drug problem, a drug situation, which led her here. She is charged with possession and was in the vicinity of a drug house.

The other thing is, if my client is convicted of a felony, she's going to lose housing. She will not [] be able to obtain Metropolitan Housing.

Now, if the [c]ourt grants intervention, as the presumptive statute requires, it's a win/win situation for everybody. So I agree with you, Judge, back in the old days, even three years ago, there was a different burden and there was a different establishment relative to [c]ourt discretion.

*I acknowledge that the [c]ourt has full discretion in granting or denying intervention. The statute gives presumption.* Second of all, if there is a denial, there has to be sound reason for that. And in this instance, my client's humble record -- I'm not going to spell that out on the open record today, but you can take a look at it.

Those misdemeanor charges have to do with drugs, they are drug related in many ways. So intervention in that instance is a win/win for the people of the [S]tate of Ohio, for [Ms. Sanders], for this [c]ourt and everybody else. I am humbly asking that you grant her request for intervention.

* * *

(Emphasis added.) The State responded by indicating it "really [did not] take any position on intervention."

{¶5} In denying Ms. Sanders' request for intervention in lieu of conviction, the trial court stated:

* * *

Well, the [c]ourt, in reviewing this, saw [Ms. Sanders'] 18 prior convictions, albeit all misdemeanors. And so I thought she would be a good candidate for the Turning Point program Track One. Unfortunately, she's not.

But she does have [14 prior misdemeanor convictions for various offenses], as well as prior contempt convictions.

So the [c]ourt feels that excessive prior record is sufficient to overcome the presumption for IILC, which is basically geared toward relatively, relatively new offenders, so I'm going to deny your motion.

We'll put that in the entry[.] But I have no objection to treatment and probation and she can get the felony expunged down the line.

* * *

The trial court then issued a journal entry stating, *inter alia*, "[u]pon review of [Ms. Sanders' extensive prior record, the [c]ourt finds that [Ms. Sanders] is not *eligible* for [intervention in lieu of conviction]." (Emphasis added.)

{¶6} On October 20, 2021, Ms. Sanders pleaded no contest to one count of possession of cocaine, a felony of the fifth degree. The trial court sentenced Ms. Sanders to complete one-year of community control with the following conditions: (1) report to adult probation, obey all laws, and pay a $20.00 per month fee; (2) provide a DNA sample; (3) refrain from use of alcohol and mood-altering drugs; (4) submit to random urinalysis tests; (5) complete assessment for alcohol and drug dependency; (6) seek and maintain gainful employment, or enroll in some type

of meaningful job training, educational or self-improvement program; and (7) pay court costs and restitution if applicable.

{¶7}   Ms. Sanders now appeals raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

**THE COURT ABUSED ITS DISCRETION AND ACTED ARBITRARILY AND CONTRARY TO LAW IN DENYING MS. SANDERS AN ASSESSMENT FOR INTERVENTION IN LIEU OF CONVICTION AND IN DENYING HER REQUEST FOR INTERVENTION.**

{¶8}   In her sole assignment of error, Ms. Sanders argues the trial court abused its discretion in denying her request for intervention in lieu of conviction.  Specifically, Ms. Sanders argues she is an eligible offender, pursuant to R.C. 2951.041(B), and that the trial court abused its discretion by creating a "new factor" of ineligibility:  "too many misdemeanors."

{¶9}   The State, however, focuses its response on whether the amendment to R.C. 2951.041, effective April 12, 2021, was wrongly applied retroactively to Ms. Sanders because the date of her crime, and the indictment, preceded the effective date of the amendment.  The State also urges this Court to presume regularity because Ms. Sanders' assessment and criminal history documentation are not in the record.

{¶10}  "[Intervention in lieu of conviction] is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense." *State v. Dawson*, 9th Dist. Summit No 28311, 2017-Ohio-2833, ¶ 11, quoting *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 9, citing R.C. 2951.041(A)(1). "R.C. 2951.041(B) lists the criteria that a criminal defendant must meet to be eligible for [intervention in lieu of conviction]." *Dawson* at ¶ 11.  We note the only change to section (B) in the amended version of the statute, effective April

12, 2021, is the addition of the phrase "is not a felony sex offense" in R.C. 2951.041(B)(2), which is not relevant to this matter. Specifically, R.C. 2951.041(B), under both versions of the statute, states:

> An offender is eligible for intervention in lieu of conviction if the court finds all of the following:
>
> (1) The offender previously has not been convicted of or pleaded guilty to any felony offense of violence.
>
> (2) The offense is not a felony of the first, second, or third degree, is not an offense of violence, is not a felony sex offense, is not a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code, is not a violation of division (A)(1) of section 2903.08 of the Revised Code, is not a violation of division (A) of section 4511.19 of the Revised Code or a municipal ordinance that is substantially similar to that division, and is not an offense for which a sentencing court is required to impose a mandatory prison term.
>
> (3) The offender is not charged with a violation of section 2925.02, 2925.04, or 2925.06 of the Revised Code, is not charged with a violation of section 2925.03 of the Revised Code that is a felony of the first, second, third, or fourth degree, and is not charged with a violation of section 2925.11 of the Revised Code that is a felony of the first or second degree.
>
> (4) If an offender alleges that drug or alcohol usage by the offender was a factor leading to the criminal offense with which the offender is charged, the court has ordered that the offender be assessed by a community addiction services provider or a properly credentialed professional for the purpose of determining the offender's program eligibility for intervention in lieu of conviction and recommending an appropriate intervention plan, the offender has been assessed by a community addiction services provider of that nature or a properly credentialed professional in accordance with the court's order, and the community addiction services provider or properly credentialed professional has filed the written assessment of the offender with the court.
>
> (5) If an offender alleges that, at the time of committing the criminal offense with which the offender is charged, the offender had a mental illness, was a person with an intellectual disability, or was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code and that the mental illness, status as a person with an intellectual disability, or fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code was a factor leading to that offense, the offender has been assessed by a psychiatrist, psychologist, independent social worker, licensed professional clinical counselor, or independent marriage and family therapist for the purpose of determining the offender's program eligibility

for intervention in lieu of conviction and recommending an appropriate intervention plan.

(6) The offender's drug usage, alcohol usage, mental illness, or intellectual disability, or the fact that the offender was a victim of a violation of section 2905.32 or 2907.21 of the Revised Code, whichever is applicable, was a factor leading to the criminal offense with which the offender is charged, intervention in lieu of conviction would not demean the seriousness of the offense, and intervention would substantially reduce the likelihood of any future criminal activity.

(7) The alleged victim of the offense was not sixty-five years of age or older, permanently and totally disabled, under thirteen years of age, or a peace officer engaged in the officer's official duties at the time of the alleged offense.

(8) If the offender is charged with a violation of section 2925.24 of the Revised Code, the alleged violation did not result in physical harm to any person.

(9) The offender is willing to comply with all terms and conditions imposed by the court pursuant to division (D) of this section.

(10) The offender is not charged with an offense that would result in the offender being disqualified under Chapter 4506. of the Revised Code from operating a commercial motor vehicle or would subject the offender to any other sanction under that chapter.

Further, under both versions of the statute, the trial court retains discretion to determine if an eligible offender is a good or appropriate candidate for intervention in lieu of conviction. *See* R.C. 2951.041(C); *see also Massien* at ¶ 11.

{¶11} Here, in its journal entry, the trial court found Ms. Sanders is not *eligible* for intervention in lieu of conviction because of her "extensive prior record," which, according to the record, consisted of 18 misdemeanors. Based upon the criteria listed in R.C. 2951.041(B), however, an extensive prior record consisting of misdemeanor offenses would not disqualify an offender from *eligibility* for intervention in lieu of conviction. As such, the trial court erred as a matter of law in finding Ms. Sanders not *eligible* for intervention in lieu of conviction based upon this stated reason.

{¶12} Although the State argued, in its brief, the trial court wrongly applied the amended version of R.C. 2951.041 in this matter, the State conceded at oral argument that an error of law under R.C. 2951.041(B) would "moot" this issue because, other than the minor change noted above, the eligibility criteria listed in R.C. 2951.041(B) remain the same in both versions of the statute. Further, because the trial court erred as a matter of law, based upon the eligibility criteria listed in R.C. 2951.041(B), the fact that certain documents relating to Ms. Sanders' assessment and criminal history are not in the record does not persuade this Court to presume regularity.

{¶13} In light of the foregoing, we reverse and remand this matter in order for the trial court to determine, pursuant to R.C. 2951.041(B), whether Ms. Sanders is eligible, as a matter of law, for intervention in lieu of conviction. Further, if Ms. Sanders is an eligible offender, the trial court may still then determine whether Ms. Sanders is a good or appropriate candidate for intervention in lieu of conviction.

{¶14} Accordingly, Ms. Sanders' assignment of error is sustained.

III.

{¶15} For the reasons stated above, Ms. Sanders' sole assignment of error is sustained and the judgment of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.