[Cite as *State v. Yost*, 2025-Ohio-5849.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.  31385 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT YOST | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.  CR-2020-04-1040 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2025

HENSAL, Judge.

{¶1}  Robert Yost appeals a judgment of the Summit County Court of Common Pleas that dismissed his petition for postconviction relief.  This Court affirms.

I.

{¶2}  A jury found Mr. Yost guilty of four counts of rape and four counts of gross sexual imposition.  The trial court concluded that the counts of gross sexual imposition were allied to the counts of rape, merged them for sentencing, and sentenced Mr. Yost to a stated prison term of life in prison with the possibility of parole after thirty years.  Mr. Yost appealed.  According to the docket, the transcript in Mr. Yost's direct appeal was filed on August 17, 2023.  On August 22, 2023, the clerk of the court of appeals notified Mr. Yost that the record had been filed, as required by Appellate Rule 11(B).  This Court affirmed his convictions.  *State v. Yost*, 2024-Ohio-545 (9th Dist.).

**{¶3}** On August 21, 2024, Mr. Yost filed a "Petition to Vacate and Set Aside Sentence" under Revised Code Section 2953.21. The State moved to dismiss the petition, arguing that it was untimely and that Mr. Yost had not demonstrated that the petition should be considered under Section 2953.23(A)(1). The trial court dismissed the petition, and Mr. Yost appealed.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF AND IN DOING SO DENIED HIM HIS DUE PROCESS RIGHTS.

**{¶4}** In his assignment of error, Mr. Yost argues that the trial court erred by dismissing his petition as untimely. This Court does not agree.

**{¶5}** Section 2953.21(A)(2)(a) provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. The transcript in Mr. Yost's direct appeal was filed on August 17, 2023, so under R.C. 2953.21(A)(2)(a), he had until August 16, 2024, to petition for postconviction relief.[1] Mr. Yost filed his petition on August 21, 2024, five days after that deadline passed.

**{¶6}** Mr. Yost's only argument on appeal is that the one-year deadline provided by Section 2953.21(A)(2)(a) should be calculated not from the date that the transcript is filed in the direct appeal but from the date on which the clerk of courts sends notice that the record has been filed under Appellate Rule 11(B). The plain language of Section 2953.21(A)(2)(a), however, provides that petitions for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct

---

[1] 2024 was a leap year.

appeal of the judgment of conviction . . . ." Had the legislature intended the timeframe under Section 2953.21(A)(2)(a) to be calculated with reference to Rule 11(B), it would have stated that expressly. *See*, *e.g.*, *State v. Massien*, 2010-Ohio-1864, ¶ 19. *See generally Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus ("[t]he intent of the lawmakers is to be sought first of all in the language employed . . . . That body should be held to mean what it has plainly expressed, and hence no room is left for construction."). The requirements of the statute are not "unreasonable, arbitrary or capricious." *See In re Adoption of H.N.R.*, 2015-Ohio-5476, ¶ 25 (articulating the requirements of procedural due process). Section 2953.21(A)(2)(a) clearly communicates the date on which a petition for postconviction relief must be filed and is not susceptible to multiple interpretations. Mr. Yost had no need to resort to the Rule 11(B) notice to determine when the transcript was filed because that information was readily available on the docket.

{¶7} The trial court did not err by dismissing Mr. Yost's petition for postconviction relief as untimely. His assignment of error is overruled.

III.

{¶8} Mr. Yost's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

4

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.